200 So.2d 802 (1967)
ROBERT & COMPANY ASSOCIATES and Fidelity & Casualty Company of New York, Petitioners,
v.
John ZABAWCZUK and Florida Industrial Commission, Respondents.
John ZABAWCZUK, Petitioner,
v.
ROBERT & COMPANY ASSOCIATES, Fidelity & Casualty Company of New York and Florida Industrial Commission, Respondents.
Nos. 36133, 36136.
Supreme Court of Florida.
June 28, 1967.
*803 E.O. Palmero, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for Robert & Company Associates and Fidelity & Casualty Co. of New York, petitioners, respondents.
William M. Holt, Law Offices of John A. Chilldon, Tampa, for John Zabawczuk, respondent, petitioner.
Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for Florida Industrial Commission, respondent.
DREW, Justice.
The principal contentions upon petitions for certiorari in this workmen's compensation proceeding concern the awarding of attorney's fees of $6500, an award of expert witness' fees for attorneys testifying for the claimant's attorney, and the question of whether nursing care should have been awarded.
While the amount of fees may be debatable, we find that the record supports the amount of the award and that the basis on which the fee was arrived at by the deputy commissioner is correct. As we read his findings, he took into consideration only the benefits received by the claimant subsequent to the time the carrier determined that the claimant had reached maximum medical improvement and placed him on a 50% permanent partial rating. The valuation evidence of the experts ranged from $2500 to $12,000. Upon consideration of the amount of the fee, the full commission approved it. We do not feel that this Court in administrative proceedings such as this should substitute its judgment relative to the amount of a fee that has been awarded by a deputy on the basis of competent evidence and approved by the full commission.
The contention of the carrier that inasmuch as the claim had not been controverted no fee was justified under any circumstance is untenable in view of the stipulation appearing in the record that the claimant's attorney was due an attorney's fee, the only question remaining being the amount.
It is our view, in accord with that of the commission, that the statutory provision, F.S.A. § 440.31,[1] for the award of expert *804 fees authorizes only the payment of fees to experts testifying in the case with reference to direct benefits to the claimant, and that the statute was never intended to cover the award of fees to witnesses appearing in behalf of attorneys who claim counsel fees payable under our act. While the point is novel, the provision for payment to witnesses testifying "in any proceeding under this chapter" is most reasonably construed, in view of the history of the statute, to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorney's fees.
On the remaining issue, we conclude that there was substantial competent evidence to support the deputy's finding, affirmed by the commission, that the claimant was not entitled to nursing services.
The petitions are accordingly denied.
THORNAL, C.J., and THOMAS and CALDWELL, JJ., concur.
O'CONNELL, J., dissents as to expert fee, concurs in remainder.
ERVIN, J., dissents from award of fee but concurs in holding regarding expert fees.
ROBERTS, J., dissents and agrees with ERVIN, J.
NOTES
[1] "* * * any expert witness (as defined in § 90.23) who shall have testified in any proceeding under this chapter shall be allowed a witness fee including the cost of any exhibits used by such witness in such reasonable amount as the deputy commissioner may determine, not in excess of the rate prevailing in the locality for witness fees for such expert witnesses in workmen's compensation proceedings, notwithstanding the limitation provided in § 90.231."