438 So.2d 442 (1983)
CITY OF TAMPA, Appellant,
v.
Frank J. FEIN, Appellee.
No. AN-410.
District Court of Appeal of Florida, First District.
September 19, 1983.
Rehearing Denied October 17, 1983.
*443 Joseph G. Spicola, Jr., City Atty., Stephen M. Barbas, Asst. City Atty., Tampa, for appellant.
Susan R. Whaley of MacFarlane, Ferguson, Allison & Kelly, Tampa, and H. Guy Smith, P.A., Lakeland, for appellee.
LARRY G. SMITH, Judge.
The City of Tampa, employer in this workers' compensation case, appeals three orders of the deputy commissioner. The first, entered on September 3, 1981, awarded temporary total disability (TTD) and wage loss benefits; the second, entered on July 29, 1982, found that Fein was entitled to attorney's fees pursuant to Section 440.34(3)(b), Florida Statutes (1981); the third, entered on December 1, 1982, set the amount of attorney's fees at $10,500. The issues on appeal relate to the propriety of the award of TTD benefits, wage loss benefits, attorney's fees and the reasonableness of the amount of the fee. We affirm the attorney's fees award, and dismiss as to the other issues.
We dismiss the appeal as it pertains to Fein's entitlement to TTD and wage loss benefits. Even though the deputy commissioner in his order of September 3, 1981 reserved jurisdiction to determine entitlement to and amount of attorney's fees, the order was final. There being no notice of appeal filed within thirty days of the rendition of that order, we are without jurisdiction to consider whether the award of TTD and wage loss benefits was proper.
We also note that though the order finding bad faith was entered on July 29, 1982, the amount of the fee was not set at that time. Orders deciding the issue of compensability only without awarding benefits are nonfinal and nonappealable. Davis v. Hunt, 432 So.2d 650 (Fla. 1st DCA 1983) [8 FLW 1484]. For the same reason, the order relating to the issue of attorney's fees did not become final until the amount of the fee was set on December 1, 1982. The notice of appeal filed on August 4, 1982 was thus premature. This fact does not affect our jurisdiction to rule on the issue of attorney's fees, however. "[A] notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court." Williams v. State, 324 So.2d 74, 79 (Fla. 1975). Thus, the notice of appeal matured and vested jurisdiction in this Court on December 1, 1982.
*444 In seeking reversal of the bad faith attorney's fee award, the City argues, among other things, that because the claimant, shortly following his September 23, 1980 re-injury of his back, resigned from his employment  submitting a letter assigning his heart condition as the reason for resigning  the City had good reason to believe that Fein was not entitled to any further benefits.
There are several reasons why the City's argument is not well founded. First, the clear weight of the evidence, including the testimony of the doctor who treated Fein for his heart condition, demonstrate that the claimant's disabling back injuries, not his heart condition, prevented him from continuing in his job with the City. To the extent that the evidence on this point was in conflict, on appeal we are bound by the rule that the resolution of such conflicts is the job of the deputy commissioner, not this court. Moreover, assuming validity of the argument that the City justifiably and in good faith believed Fein's resignation was due to his heart condition, based upon Fein's letter indicating as much, this furnishes no excuse for the City to thereafter forever ignore the true facts relating to claimant's compensable injuries, and their effect upon his ability to perform his job with the City. Here again, the fact that Fein had suffered serious back injuries on the job was never in dispute, and the overwhelming evidence before the deputy commissioner was to the effect that Fein's job as a "working supervisor" called for the performance of heavy manual labor which he was incapacitated to perform in his injured condition. Again, to the extent that there was any conflict in the evidence on these facts, they were resolved in favor of the claimant, and this court is bound by that ruling. The argument that Fein voluntarily discontinued his employment for reasons unrelated to his compensable accidents was resolved against the City by the findings of the deputy commissioner and the award of temporary partial disability from the date of Fein's last employment with the City. This ruling was not timely appealed; and even if it had been appealed, there could have been no reversal absent a showing that there is no reasonable view of the evidence that would sustain the deputy commissioner's ruling. The City has not demonstrated error in the deputy's ruling on this point.
Of even more fundamental significance is the fact that the City's argument misapprehends the basis for the bad faith award in this case. The deputy commissioner did not base the award upon the presence or absence of a good faith belief by the City that Fein was not entitled to any further benefits at the time it received his resignation. Although the deputy's order is brief and somewhat lacking in detail, it leaves no room for question (particularly when viewed in the light of the record itself) that the finding of bad faith was predicated upon the City's conduct amounting to the erection of a "wall of willful ignorance" approach to its responsibilities to provide worker's compensation benefits to its injured employee, Fein. The pertinent paragraphs of the order are as follows:
1. The employer herein refused to accept the fact that the claimant's treating physician, Dr. James Eckart, testified that the claimant reached maximum medical improvement on February 3, 1981, with a 5% permanent physical impairment of the body as a whole. Dr. Eckart testified that as a result of the claimant's compensable injuries, he should restrict his activities with regard to bending, lifting, twisting, and turning, and that he should engage in lighter work.
2. That the employer vigorously defended the claim, denying that the claimant was unable to continue his work with the CITY OF TAMPA because of the back injury and restrictions expressed by Dr. Eckart.
3. That the CITY OF TAMPA after knowing all of the facts and circumstances of the case, including but not limited to the testimony and opinions of the claimant's physician, continued to deny claimant compensation benefits.

*445 4. That because of the position taken by the CITY OF TAMPA, the claimant was required to obtain the services of an attorney to represent him in his claim for benefits.
It should be borne in mind that the City terminated all benefits to Fein as soon as it received his letter of resignation. Fein sought lighter work, for which he received less pay, and in January, 1981, he filed his claim for wage loss benefits. The deputy commissioner's view of the City's handling of the claim from that point on is to some extent reflected in his comments at the bad faith hearing. In summing up the status of the case, the deputy commissioner recited the fact that Dr. Eckart (the treating physician selected by the City) advised the City on February 3, 1981, of Fein's 5% disability, and that this was later confirmed by Dr. Baker (who had examined Fein at the City's request). The deputy referred to the fact that the City's counsel wrote a letter to Dr. Baker, but at that time had no information that supported the City's view. Further, he stated: "That was in July with the hearing coming up in August and I just don't think that ... you know , you have a right to fight claims if you want to and certainly you fought this claim all the way down to the client [sic]. But when you fight it in the face of all odds being against you, then I think you're going to have to pay a fee under 440.34(3)(b)."
The record before the deputy commissioner disclosed the depositions of both Dr. Eckart and Dr. Baker, taken in July, 1981 prior to the hearing, in which both doctors agreed unequivocally that Fein's injured back condition would prevent him from performing the physical labor required in his job with the City. As for the City's handling of the claim, there is an unseemly aura of duplicity in the City's efforts to discredit Fein by presenting testimony of co-workers who were critical of Fein's failure to pitch in and help them do the hard work, while at the same time arguing here and below that it was not necessary for Fein to engage in heavy labor on his job. The City cannot, in good faith, disclaim knowledge of the necessity for Fein to perform heavy labor as a necessary part of his job in the face of evidence directly to the contrary from Fein's own supervisor. Dr. Eckart placed restrictions on Fein against bending, lifting, twisting, turning, and jumping into ditches  in short  the very type of activity that he was engaged in when first injured in July, 1980, and when he aggravated his initial injury in September.
It is manifestly clear that without the benefit of the high quality legal services rendered in Fein's behalf by his attorney the City of Tampa would have succeeded in depriving Fein of benefits he was entitled to receive by law. This fact was recognized by the deputy commissioner, and in awarding attorney's fees he correctly applied the law as interpreted by this court, as in Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), where we said (at 327-328):
This affirmative obligation [to place benefits in the hands of the injured worker] does not terminate when the employer or carrier initially denies or terminates benefits, nor when the matter takes on adversarial characteristics, before the deputy, nor when the employer or carrier contemplates and prosecutes an appeal. The obligation continues, and the "delay or denial" of benefits during the several additional months necessary for an appeal becomes a factor in determining whether the appellant has fairly and expeditiously determined its obligation to place needed benefits in the hands of the injured worker or whether it has instead acted recklessly in handling the claim.
Further, as we held in Layne Atlantic Co. v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982), if the actions of the employer or carrier "arguably" demonstrate bad faith, we must affirm the deputy's decision. Since we find that test has been met here, we affirm the finding of bad faith.
Appellant has also challenged as excessive the amount of attorney's fees awarded to claimant's attorney. Our review indicates that the amount of attorney's *446 fees was properly predicated upon the securing of substantial benefits for the claimant, and that the caliber of the legal services rendered in this case merits the hourly charge used in computing the award. However, we note that the petition for attorney's fees includes four hours spent in preparation for and attending the hearing on attorney's fees. Our decision in Florida Power Corporation v. Baker, 410 So.2d 179 (Fla. 1st DCA 1982), precludes consideration of time spent in securing an attorney's fee award in arriving at the amount of fees to be assessed against the E/C. We therefore order that the attorney's fee award be reduced by the sum of $500.00, and the order of the deputy commissioner is hereby modified to reflect the reduction without necessity of further action by the deputy.
We affirm the order awarding attorney's fees.
ERVIN, C.J., concurs.
MILLS, J., concurs in part and dissents in part with opinion.
MILLS, Judge, concurs in part and dissents in part:
I concur in all portions of the majority's opinion except that portion affirming the finding that the City acted in bad faith.
Although the majority cites medical testimony that Fein's injured back condition would prevent him from performing the physical labor required in his job with the City, the record shows that as late as 13 April 1981, Dr. Eckart advised the City's attorney that he had returned Fein to "full duty" as a foreman in his crew.
Further, Fein's letter of resignation shows unequivocally that he resigned due to a noncompensable heart condition.
Taken as a whole, this evidence might "arguably" show that Fein was entitled to further compensation, but that is a different question than whether the City "arguably" acted in bad faith.
On this record, I cannot say that the City's conduct, even arguably, amounted to "fraud, malice, oppression, or willful, wanton or reckless disregard of the rights of the claimant." Section 440.34(2)(b), Florida Statutes (1979).
The bad faith finding in this case, therefore, is not entitled to the deference which such findings are usually afforded.
I would reverse the award of attorney's fees.