487 So.2d 377 (1986)
W.A. DOSS & SONS, INC. and Iowa National Mutual Insurance Company, Appellants,
v.
Shirley Ann BARBATO, Appellee.
No. BG-371.
District Court of Appeal of Florida, First District.
April 22, 1986.
Robert L. Dietz, of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
*378 J.W. Chalkley, III, of Chalkley & Sims, Ocala, for appellee.
NIMMONS, Judge.
The employer and carrier appeal from an order of the Deputy Commissioner requiring the employer/carrier to pay an attorney's fee to claimant in the amount of $1,950 and to pay expert witness fees for the two attorneys who testified on the issue of attorney's fees. We reverse both awards.
We reverse the award of the attorney's fee because the deputy, in his order, failed to expressly consider the guidelines and factors set forth in Section 440.34(1)(a)-(h), Florida Statutes (1983) and Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968). We therefore reverse as to the amount of the fee awarded and remand for reconsideration in light of the factors required under the above authorities.
We also reverse the deputy's award of expert witness fees to the two attorneys who testified on behalf of the claimant's attorney. The Florida Supreme Court has clearly established that attorneys who testify on the issue of attorney's fees in worker's compensation cases are not entitled to expert witness fees under Section 440.31, Florida Statutes (1983).[1]Robert & Co. Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967).
The appellee has asserted that the Florida Supreme Court's recent ruling in Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), effectively overruled its decision in Zabawczuk, supra. While the court held in Travieso that an attorney who testifies as an expert on attorney's fees shall be allowed an expert witness fee under Section 92.231, Florida Statutes (1983)[2], the majority distinguished its prior decision in Zabawczuk as applying strictly to worker's compensation cases. We thus find Zabawczuk controlling in this case and reverse the deputy's award of expert witness fees.
We certify the following question of great public importance:
WHETHER SECTION 440.31, FLORIDA STATUTES (1983), AUTHORIZES THE AWARD OF EXPERT WITNESS FEES TO ATTORNEYS WHO TESTIFY ON THE ISSUE OF ATTORNEY'S FEES IN WORKER'S COMPENSATION CASES?
REVERSED AND REMANDED.
ERVIN and SMITH, JJ., concur.
NOTES
[1] Section 440.31, Florida Statutes (1983) provides as follows:

440.31 Witness fees.  Each witness who appears in obedience to a subpoena shall be entitled to the same fees as witnesses in a civil action in the circuit court; however, any expert witness, as defined in Rule 1.390(a) of the Rules of Civil Procedure, who shall have testified in any proceeding under this chapter shall be allowed a witness fee, including the cost of any exhibits used by such witness, in such reasonable amount as the deputy commissioner may determine, not in excess of the rate prevailing in the locality for witness fees for such expert witnesses in workers' compensation proceedings, notwithstanding the limitation provided in s. 92.231.
[2] Section 92.231, Florida Statute (1983) provides as follows:

92.231 Expert witnesses; fee. 
(1) The term "expert witness" as used herein shall apply to any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court.
(2) Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs.