492 So.2d 1106 (1986)
CRITTENDEN ORANGE BLOSSOM FRUIT and Aetna Casualty & Surety Company, Appellants,
v.
Marvin STONE, Appellee.
No. BI-366.
District Court of Appeal of Florida, First District.
July 25, 1986.
Rehearings Denied September 12, 1986.
*1107 Daniel DeCiccio, Orlando, for appellants.
George J. Adler, P.A., Orlando, for appellee.
Before BOOTH, C.J., and MILLS, ERVIN, SMITH, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON, NIMMONS, ZEHMER and BARFIELD, JJ.

EN BANC OPINION
SMITH, Judge.
Upon request of the three-judge panel to whom the case was originally assigned, the court by majority vote decided to consider this case en banc for the purpose of resolving intradistrict conflict on the issue of whether an award of attorney's fees to a claimant's attorney should include time spent in preparing for and prosecuting the claim for attorney's fees. Rule 9.331, Florida Rules of Appellate Procedure (en banc rule); Chase Federal Savings and Loan Association v. Schreiber, 479 So.2d 90 (Fla. 1985) (en banc process enables district court to avoid conflict, and harmonize its own decisions). Under our own en banc rules, since no prior panel decision has been released, the entire case shall be decided en banc. Rule 9(9), "EN BANC RULES," First District Court of Appeal, adopted October 14, 1985. The following opinion and decision is rendered by a majority of the members of the court.
Appellants, Crittenden Orange Blossom Fruit and Aetna Casualty and Surety Company (E/C), appeal a final order of the deputy commissioner which awarded claimant's counsel attorney's fees in this workers' compensation action. The E/C contend that the deputy's findings concerning its alleged bad faith handling of claimant's claim and its denial of compensability of the claim are not supported by the evidence of record. The E/C also challenge the deputy's decision to include in his fee award time spent by claimant's counsel in preparing for and prosecuting the fee award. We find no reversible error in the proceedings below and therefore affirm the deputy commissioner's order in its entirety.
*1108 Claimant suffered an industrial accident on June 20, 1983, during the course and scope of his employment with appellant, Crittenden Orange Blossom Fruit. The carrier on line at the time of this accident was appellant, Aetna Casualty and Surety Company. Claimant was treated for these injuries by Dr. Joseph Flynn, an orthopedic surgeon, who diagnosed claimant's injury as low back strain superimposed on degenerative disc disease of claimant's upper lumbar spine. Claimant had suffered previous low back injuries in 1962 and 1975. Claimant thereafter filed a claim for certain unspecified compensation benefits and medical bills, which Aetna paid after accepting claimant's June 1983 accident as compensable.
Subsequently, claimant suffered an incident of back pain while lifting an ashtray on October 24, 1984, while employed by the Citrus Sun Club, whose carrier was Mission Insurance Company. The claimant was hospitalized and again treated by Dr. Flynn, who again diagnosed him as having suffered low back strain superimposed on degenerative disc disease. In spite of not having been released to do so by Dr. Flynn, claimant returned to work on December 1, 1984. Claimant then filed a claim for benefits, dated November 30, 1984, seeking TTD benefits from October 24 through December 1, 1984, as well as medical bills, costs, and attorney's fees. Mission Insurance Company, which represented claimant's then current employer, Citrus Sun Club, filed a notice to controvert, alleging no accident, the existence of a preexisting condition, and "all other section 440 defenses that may apply." Aetna, which remained liable for claimant's 1983 injury, did not file a notice to controvert regarding the 1984 injury. Instead, Aetna stated orally at the hearing on claimant's request for benefits that "Aetna and [Crittenden Orange Blossom Fruit] are not responsible for the October 24, 1984 accident," citing Hayward Trucking, Inc. v. Aetna Insurance Company, 445 So.2d 385 (Fla. 1984), and Miami-Dade Water & Sewer Authority v. Leech, 447 So.2d 979 (Fla. 1st DCA 1984).
At the hearing on claimant's claim, Frances Gallups, an employee of Aetna, admitted that Aetna conducted no investigation of its potential liability for claimant's 1984 injury; specifically, she testified that the carrier did not contact either claimant, claimant's attorney, or Dr. Flynn. Instead, Ms. Gallups testified, Aetna relied upon a telephone conversation between her and Dr. Flynn's office on October 25, 1984, at which time the caller from Dr. Flynn's office allegedly told Ms. Gallups that claimant's October 1984 injury constituted a "new accident." Although Ms. Gallups' testimony does not make this clear, Aetna evidently interpreted this information as indicating that claimant's 1984 injury was not an aggravation of the 1983 injury, an injury for which Aetna had already assumed responsibility. Ms. Gallups further testified that Aetna was aware that Dr. Flynn was claimant's treating physician, and that Aetna had previously relied upon the opinion of Dr. Flynn in making decisions concerning the entitlement of other claimants to workers' compensation benefits. However, Dr. Flynn, testifying by deposition taken at the behest of Mission Insurance Company, testified that, in his opinion, claimant's October 1984 injury was an aggravation of his preexisting back condition; that is, that claimant's 1984 injury was an aggravation of his 1983 injury. Although Aetna, through the testimony of Ms. Gallups, admitted receiving a copy of claimant's claim for benefits, as well as the medical bill from the hospital where claimant received treatment, and copies of Dr. Flynn's deposition and medical reports, it took no action to resolve this claim.
In his order, the deputy commissioner, relying upon the deposition testimony of Dr. Flynn, found claimant to be entitled to the TTD benefits he sought from the E/C. This portion of the deputy's order has not been challenged in this court. The deputy commissioner further found that claimant was entitled to an award of attorney's fees, based upon a finding that Aetna acted in bad faith in not diligently pursuing an investigation of claimant's claim for benefits based upon the 1984 injury, and further *1109 based upon the deputy's concurrent finding that the E/C had denied that an injury had occurred in 1984 for which compensation benefits were payable, an issue decided adversely to the E/C. Although the deputy's order does not explicitly so find, the deputy indicated at the hearing below that he was basing $450 out of the 2,500 award of attorney's fees on the amount of time spent by claimant's attorney preparing for and prosecuting the award of attorney's fees sought.
The E/C first argue that the deputy's decision to award any attorney's fee at all was error. In support of this contention as it relates to the issue of bad faith, the E/C point to the testimony of Frances Gallups that Aetna had previously relied on the opinions of Dr. Flynn concerning the compensability of other claimants' workers' compensation injuries, and further, that Aetna's reliance on information received from Dr. Flynn's office that claimant's 1984 injury was the result of a "new accident" was per se reasonable, and thus constitutes sufficiently prompt investigation of claimant's claim. The E/C also maintain that its liability for attorney's fees could not be established under section 440.34(3)(c) since, they assert, the E/C never denied liability on the 1983 injury, but, instead, merely sought to show that the second carrier, Mission Insurance Company, was liable on the 1984 injury. Finally, the E/C contend, the deputy commissioner should not have allowed claimant's attorney to recover a fee for litigating the question of claimant's entitlement to an award of attorney's fees.
The E/C's arguments in support of their contention that the deputy commissioner erred in awarding claimant an attorney's fee are not persuasive. It is clear from the evidence that the October 1984 "injury" occurred when the claimant performed the simple act of bending over about a foot and a half to pick up a very light ashtray for the purpose of cleaning it. According to Dr. Flynn, the activity had nothing to do with the pain claimant experienced on this occasion. The symptomatology instead resulted from an ordinary activity of personal life fortuitously occurring at the work place. It is therefore obvious that whether or not a second "accident" occurred for which the second employer and carrier would be liable, such was not an efficient cause of the ensuing injury. City of Winter Springs v. Lane, 386 So.2d 802 (Fla. 1st DCA 1980). It follows that appellants' denial that an "injury" occurred which would subject them to liability for compensation could result in assessment of attorney's fees against them under section 440.34(3)(c). Singletary v. Mangham Construction Co., Inc., 471 So.2d 635 (Fla. 1st DCA 1985); Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983).
We recognize that the E/C are, in general, entitled to rely on the opinion of a claimant's treating physician, such as Dr. Flynn, as "an appropriate medical specialist" in meeting their burden to "fairly and expeditiously" determine their obligation to provide requested benefits. Celtics Mobile Home Manufacturing v. Butler, 460 So.2d 486, 488 (Fla. 1st DCA 1984). However, we find Celtics Mobile Home distinguishable from the case at bar in that there the R/C continued its investigation of claimant's ongoing complaints of pain and requests for benefits, and eventually paid some of the benefits sought. Here, on the other hand, the E/C took no steps to follow up the carrier's initial information that claimant's October 1984 accident was "new"; had they done so, the E/C would have discovered that Dr. Flynn was of the opinion that claimant's "new" injury was merely a manifestation of his preexisting lower back condition resulting from the 1983 injury for which Aetna had previously accepted responsibility. As the deputy pointed out in his order, even after Dr. Flynn's deposition, and the receipt of updated reports from Dr. Flynn, the carrier did nothing. Accordingly, we hold that competent, substantial evidence supports the deputy's finding of bad faith on the E/C's part in their handling of claimant's 1984 claim. Smith v. Dixie Packers, Inc., 384 So.2d 709 (Fla. 1st DCA 1980).
*1110 Finally, we affirm the deputy's decision to award attorney's fees based in part on time spent by claimant's attorney in preparing for and prosecuting the claim for attorney's fees. In doing so, we adhere to the rulings expressed in Davis v. Keeto, Inc., 463 So.2d 368, 371 (Fla. 1st DCA 1985); pet. for rev. den., 475 So.2d 695 (Fla. 1985), and recede from the contrary ruling on the same issue appearing in City of Tampa v. Fein, 438 So.2d 442, 446 (Fla. 1st DCA 1983), and prior decisions.
We note that in our Keeto opinion the court gave no reasons or explanation for its apparent departure from the rule as applied in Fein. However, we now agree, as contended by appellee here, that the Keeto rule is more consistent with the 1979 amendments to the workers' compensation law. The present law places primary responsibility for claimant's attorney's fees on the claimant, so that the limited instances in which the claimant may recover attorney's fees represent a substantial benefit to the claimant, whereas prior to the amendments, payment of attorney's fees to the successful claimant's attorney was assured, there usually being no issue except for the amount of the fee.
We have not overlooked the Florida Supreme Court's recent decision in Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), approving recovery, as costs, of an expert witness fee in a civil case for a lawyer who testifies as to reasonable attorney's fees. The court's references to Robert & Company Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967), do seem to indicate continued recognition of Zabawczuk's rationale for denying expert witness fees for attorneys in workers' compensation proceedings.[1] However, upon close examination, we observe that the Travieso court was not called upon to consider the viability of Zabawczuk in the light of present day workers' compensation litigation, but only to affirm, as did the Fourth District in Murphy v. Tallardy, 422 So.2d 1098 (Fla. 4th DCA 1982), that the narrow construction of the workers' compensation statute at the time Zabawczuk was decided did not require the same construction of the expert witness fee statute, section 92.231, Florida Statutes (1983).[2] Upon our own independent examination, we are now of the view that Zabawczuk, relying as it did upon the court's characterization of the pre-1979 attorney's fees features of the Workers' Compensation Act as providing "collateral" benefits, is not relevant to the specific issue before us, in the light of the changes wrought by the 1979 amendments.[3] Today's workers' compensation law retains and even places renewed emphasis upon the pre-1979 self-executing concept. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 210-211 (Fla. 1st DCA 1981). It is clear, however, that the present attorney's fees provisions found in section 434.34, Florida Statutes (1983), reflect a recognition by the legislature that in specific circumstances  namely, those covered by 434.34(3)(a)-(c)  without the intervention or potential intervention of an attorney acting *1111 for the claimant, medical or compensation benefits due the claimant are likely to be delayed or denied to the claimant. See, e.g., Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981). We are not persuaded, either by the structure of the Act itself, or our observations with respect to its operation over the past nearly seven years, that the award of attorney's fees to claimant's attorney under the present provisions can be realistically viewed as "collateral" to the purposes of the Act. For these reasons, we affirm the Keeto rule.
Accordingly, the order appealed from is AFFIRMED.
BOOTH, C.J., and MILLS, ERVIN, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON, ZEHMER and BARFIELD, JJ., concur.
NIMMONS, J., specially concurs with opinion.
NIMMONS, Judge, specially concurring.
I agree with the Court's opinion that there is competent substantial evidence to support the deputy commissioner's award of an attorney's fee on the grounds of bad faith.
With respect to the balance of the opinion, I can agree with only that portion which approves the inclusion in the fee award of the time necessarily expended by the claimant's attorney in establishing entitlement to the recovery of a fee from the carrier or employer. To the extent that the Court intends  as it seems to from the language of the opinion and its discussion of various cases  to place its imprimatur upon the fee award's inclusion of: (1) the attorney's time expended in establishing the amount of fee sought, and (2) expert witness fees incurred in establishing such amount, I strongly disagree.
The Court has decided more than the record in this case would legitimately permit. Elaborating upon the chronology of the proceedings below will help to demonstrate my point.
A "merits" hearing was held on March 20, 1985 on certain compensation benefits. On June 4, 1985, the deputy held another hearing which was limited to the question of the claimant's entitlement to recover attorney's fees from the employer or carrier. Thereafter, on August 22, 1985, there was a separate hearing on the amount of attorney's fees. Evidence was presented at the latter hearing consisting of an affidavit of the claimant's attorney regarding the time expended on the case and testimony of two attorneys  one called on behalf of each side. There is no indication whatsoever that the claimant's attorney sought or received any fee for that portion of the proceedings dealing with the establishment of the amount of the fee. It is apparent from the attorney's time affidavit that the time shown was attributable to the prosecution of the claim on the merits and on the issues regarding entitlement to an attorney's fee. Moreover, there was no effort to recover for an expert witness fee for the testimony of the attorney who was called on behalf of claimant's attorney.
The facts in the instant case and the deputy's order, therefore, present no basis upon which to recede from the holding in City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983). I believe that, fairly read, Fein holds that the deputy is precluded from consideration of the attorney's time which he has expended in the establishment of the amount of fee sought by the attorney. But even if the Fein holding is not read as being so limited, the instant case provides no basis for adopting the so-called Keeto rule, at least insofar as such rule is understood to approve consideration of the attorney's time expended in seeking a ruling on the amount of the fee.
Likewise, this case is not the proper vehicle to recede from or erode our recent holding in W.A. Doss & Sons, Inc. v. Barbato, 487 So.2d 377 (Fla. 1st DCA 1986) (holding, in accordance with Robert & Company Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967), that expert witness fees incurred by claimant in establishing the amount of fees cannot be awarded against carrier). The Supreme Court's decision *1112 in Zabawczuk is still good law even after Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), in which the Supreme Court expressly distinguished Zabawczuk as involving, as with the case sub judice, a workers' compensation proceeding.
I fear the Court's opinion will foster institutional growth of attorney's fees hearings (as to amount) in workers' compensation cases. There will be little reason for claimants' attorneys to be thrifty or circumspect in the preparation and presentation of evidence and testimony in and about the effort to establish the amount of the award sought.
Having said all of that, I concur with the result in this case, the result being approval of the deputy's consideration, in determining the fee to be awarded, of the time expended by the claimant's attorney in establishing only the entitlement to an attorney's fee under the statute.
NOTES
[1] Cf., W.A. Doss & Sons, Inc. v. Barbato, 487 So.2d 377 (Fla. 1st DCA 1986) in which we found Zabawczuk controlling on the specific issue involved in that case, viz., whether expert witness fees are awardable to attorneys who testify on the issue of attorney's fees in workers' compensation cases. We certified the question to the Florida Supreme Court as one of great public importance; however, our investigation reveals that no petition for certiorari was filed, so jurisdiction could not vest in that court for review of our decision.
[2] In Zabawczuk, the court held that section 440.31, Florida Statutes, providing for payment of expert witnesses fees, applied only to experts testifying with reference to direct benefits to the claimant, and was never intended to cover fees of witnesses testifying as to attorney's fees. The court reasoned that the statutory provision for fees "to witnesses testifying `in any proceeding under this Chapter' is most reasonably construed, in view of the history of the statute, to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorney's fees." 200 So.2d 803-804 (emphasis supplied).
[3] This view, we acknowledge, cannot be reconciled with our recent decision in W.A. Doss & Sons, Inc. v. Barbato, supra, (footnote 1), in which, probably out of deference to precedent from our highest court and in an abundance of caution, we accepted Zabawczuk as controlling on the expert witness fee question. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).