514 So.2d 351 (1987)
CRITTENDEN ORANGE BLOSSOM FRUIT, et al., Petitioners,
v.
Marvin STONE, Respondent.
No. 69476.
Supreme Court of Florida.
September 10, 1987.
Rehearing Denied November 20, 1987.
Daniel De Ciccio and Jamie D. Hoffman of De Ciccio & Broussard, P.A., Orlando, for petitioners.
George J. Adler, Orlando, for respondent.
GRIMES, Justice.
We have for review the case of Crittenden Orange Blossom Fruit v. Stone, 492 So.2d 1106 (Fla. 1st DCA 1986), because of its apparent conflict with Robert & Co. Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967). Jurisdiction is predicated upon article V, section 3(b)(3), Florida Constitution.
Respondent Stone filed a worker's compensation claim for temporary total disability payments and the payment of medical bills. The deputy commissioner sustained Stone's claim and required petitioners, the employer and carrier, to pay his attorney's fees. In reaching his ruling, the deputy commissioner held three hearings. The first concerned the compensability of the claim; the second was directed toward whether petitioners denied the claim in bad faith; and the third was for the purpose of setting the amount of attorney's fees. The district court of appeal considered the case en banc in order to resolve an intradistrict conflict concerning attorney's fees. In the *352 course of affirming the order, the court held that the award of attorney's fees should include the time spent by the claimant's attorney in preparing for and prosecuting the claim for attorney's fees.[1] The court also made observations which implied that the recovery of costs in worker's compensation proceedings now included expert witness fees of those testifying as to the amount of attorney's fees despite the fact that in this case no effort was made to recover an expert witness fee for the testifying attorney.
In Zabawczuk, this Court held that the statute permitting the recovery of expert witness fees in worker's compensation proceedings did not include fees for witnesses appearing on behalf of attorneys who were claiming counsel fees payable under the act. The Court said:
While the point is novel, the provision for payment to witnesses testifying "in any proceeding under this chapter" is most reasonably construed, in view of the history of the statute, to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorney's fees.
200 So.2d at 804.
More recently, in Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), this Court authorized the taxing of expert witness fees for lawyers who testify as experts regarding reasonable attorney's fees in ordinary civil actions. The Court distinguished Zabawczuk, which had been cited as the primary authority to the contrary, by pointing out that the predicate for the decision in that case was the nature of the worker's compensation law which provides a simple, expeditious and inexpensive method of compensating employees who are injured in the workplace.
Nevertheless, in the instant case, the district court concluded that Zabawczuk was no longer relevant in light of the subsequent overhaul of the worker's compensation law in 1979. As the basis for its conclusion, the court said:
It is clear, however, that the present attorney's fees provisions found in section 440.34, Florida Statutes (1983), reflect a recognition by the legislature that in specific circumstances  namely, those covered by 440.34(3)(a)-(c)  without the intervention or potential intervention of an attorney acting for the claimant, medical or compensation benefits due the claimant are likely to be delayed or denied to the claimant. See, e.g., Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981). We are not persuaded, either by the structure of the Act itself, or our observations with respect to its operation over the past nearly seven years, that the award of attorney's fees to claimant's attorney under the present provisions can be realistically viewed as "collateral" to the purposes of the Act.
492 So.2d at 1110-11.
With all due respect, we cannot see how the 1979 amendments to the worker's compensation law had any effect on the applicability of Zabawczuk. In fact, as acknowledged by the district court, today's worker's compensation law retains and even places renewed emphasis upon the pre-1979 self-executing concept. In Travieso we declined to extend the scope of our ruling to worker's compensation proceedings, and we see no reason why we should change our position.
On the other hand, one of the arguments advanced by Stone has caused us to reconsider the manner in which attorney's fees are set in worker's compensation proceedings. Stone points out that unless they can be compensated, it is often an imposition on attorneys to have to leave their offices for long periods of time in order to testify at worker's compensation proceedings, particularly if substantial travel is involved. Yet, it is well settled that the testimony of an expert witness concerning a reasonable *353 attorney's fee is necessary to support the establishment of the fee. In Re Estate of Cordiner, 497 So.2d 920 (Fla.2d DCA 1986); Mullane v. Lorenz, 372 So.2d 168 (Fla. 4th DCA 1979); Lyle v. Lyle, 167 So.2d 256 (Fla.2d DCA), cert. denied, 172 So.2d 601 (Fla. 1964).
For much the same reason that we distinguish worker's compensation proceedings from other civil cases with respect to the taxing of the fee of the lawyer who testifies on reasonableness, we now conclude that it should no longer be necessary in every instance to have a hearing only for the purpose of proving the amount of reasonable attorney's fees in worker's compensation proceedings. We hold that the deputy commissioner may, upon consideration of a detailed affidavit of the claimant's attorney concerning the time spent on the case,[2] award a reasonable attorney's fee without the necessity of an affidavit or the testimony of an expert witness concerning the amount of the fee. However, the deputy commissioner shall have the discretion to require a hearing on the amount of a reasonable attorney's fee at which expert testimony would be required, and such a hearing shall be held if requested by any party before the fee is set.
We are convinced that in the ordinary case, deputy commissioners, by reason of their experience, are well qualified to determine the reasonableness of attorney's fees without the opinion of an expert on the subject. Such a rule is consistent with the philosophy of the worker's compensation law to provide an expeditious result at a minimum cost. For example, in the case at bar the application of this rule could have avoided the necessity of a third hearing. However, in those cases in which a hearing on the amount of the fee is held, we adhere to the principle of Zabawczuk that no expert witness fee may be taxed for the attorney who testifies on the reasonableness of the fee.
The petitioners also argue that it was error for the deputy commissioner to include in the amount of the attorney's fee award the services rendered by the claimant's attorney in seeking the determination that petitioners denied the claim in bad faith. We agree with the district court of appeal that because the present worker's compensation law places primary responsibility for the claimant's attorney's fees on the claimant, those limited instances in which the claimant may recover attorney's fees represent a substantial benefit to the claimant. § 440.34(3), Fla. Stat. (1985). Therefore, when the claimant's attorney is able to prove that the claim was denied in bad faith, he has obtained a benefit for his client which was not otherwise available. Under these circumstances, the client ought not to be required to absorb the cost of paying his attorney for the services in obtaining this result. Our holding does not extend, however, to cover the time spent by the attorney in establishing the amount of the fee such as that involved in the third hearing in this case.
On the basis expressed herein, we approve the decision of the district court of appeal which affirmed the order of the deputy commissioner.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.
EHRLICH, Justice, concurring in part and dissenting in part.
I would approve the well-reasoned decision of the district court of appeal, but I do wholeheartedly agree with the Court's conclusion that hearings are no longer necessary to establish the amount of reasonable attorney's fees in workmen's compensation cases, and that affidavits may be used.
*354 I would recede from the holding in Robert & Co. Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967) for the reasons set out in my dissent in Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985).
NOTES
[1] The court's language can be construed to mean that the time spent by the attorney in establishing the amount of his fee should also be included in the award, but it is clear from the record that the award was predicated only upon the attorney's services rendered through the second hearing.
[2] The affidavit may also include any other pertinent factors which are recognized by section 440.34(1), Florida Statutes (1985), and opposing counsel should be permitted the opportunity to challenge in writing both the reasonableness of the time spent and the applicability of such other factors.