# IN RE: GUARDIANSHIP OF MARGARET M. ANDERSON
## Case No. 88-3517 CP M
Fifteenth Judicial Circuit, Palm Beach County

May 23, 1991

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### ORDER ON MOTION FOR INSTRUCTIONS FILED BY GUARDIAN OF THE PROPERTY

These proceedings commenced on September 13, 1988, initially as a voluntary guardianship prior to the legislature's massive amendment of that law effective October 1, 1989. Mrs. Anderson initiated proceedings to terminate the voluntary guardianship and her efforts were opposed by her co-guardians, Andree Markoe Caldwell, her daughter and Colette K. Meyer, Esq., upon the ground Mrs. Anderson had been unduly influenced by designing individuals to initiate such termination

proceedings; the law firm of Shutts & Bowen was allowed to enter its appearance on or about September 14, 1989 and personally represent Mrs. Anderson in those proceedings.[1] This litigation proceeded and was bitterly contested by the opposing parties both in the trial and appellate courts. While these proceedings were continuing, the legislature amended the law which allowed in appropriate circumstances the creation of limited guardianships as opposed to all guardianships being plenary in nature and ultimately, pursuant to these new statutory provisions, an involuntary limited guardianship of the property has been established with Harris Trust Company of Florida being appointed the limited guardian of Mrs. Anderson's property and having delegated to it, the right to contract, sue and defend lawsuits, and manage property or to make any gift or disposition of property.

The law firm of Mudge Rose has filed a petition on behalf of the former co-guardians and itself seeking reimbursement of costs and payment of fees for services rendered during this vigorously litigated matter; said fees and costs amount to approximately $600,000.

Mrs. Anderson is a woman of substantial financial means. The attorneys representing the Harris Trust Company seek instructions from this court as to which attorneys have the obligation, responsibility or right to represent Mrs. Anderson in contesting the application for fees; there is obviously no accord by the contestants. The Mudge Rose law firm urges fees have reached their large proportions because of the tenacious conduct of the Shutts & Bowen law firm, the later contending the fees of Mudge Rose are outrageous and a rape of the ward's estate while Quarles & Brady who represent the trust company are uncertain as to who should be lead counsel in defending the fee petition. It is worthy to note the petition under consideration is only the first petition for attorneys' fees with which the court will be confronted from these contestants.

Mudge Rose takes the position fees will only increase if the Shutts & Bowen law firm is allowed to continue its participation which is a total waste of time and the ward's money because their efforts will only be duplicitous of the efforts of Quarles & Brady. Quarles & Brady take the position by statute it has a legal obligation to participate and does not want to become duplicative but nevertheless, cannot abandon its statutory obligations and finally Shutts & Bowen take the position they have a statutory legal right pursuant to Florida Statute 744.3215(1)(L) to participate in these proceedings and they will not yield the same.

---

[1] The law firm of Mudge Rose Guthrie Alexander & Ferdon (Mudge Rose) represented the co-guardians.

During the public hearings before the commission which recommended the amended guardianship statutes to the legislature this jurist personally appeared and brought to the attention of the members of the commission the great cost involved in administering the proposed new law and in particular raised concern over the provisions of right to counsel and attending attorneys fees. It is conceivable with co-guardians, one of the person and one of the property as many as three lawyers could be involved in a single guardianship estate.

The issue confronting this court is interpreting the statutory provision contained in F.S. 744.3215(1)(L); that statute provides "a person who has been determined to be incapacitated retains their right: . . . (L) to counsel."

Did the legislature intend each incapacitated person retains the right to hire an attorney in all matters whatsoever even though their guardian and the guardian's attorney are fully competent, available to attend to the matter under consideration and are in harmony with the desires of the ward and her attorney? The costs by way of legal fees, if such was the intent of the legislature, would be entirely contradictory to the spirit and intent of the statutory revision. It cannot be questioned the intent of the legislature was to protect the ward and the ward's property from designing persons who were manipulating and taking advantage of these unfortunate individuals; the legislature was concerned with preserving the assets of the ward, not in exhausting them.

If there exists a reasonable conflict between the desires of the ward and the guardian or the guardian's attorney, then the statutory right to counsel arises for one must remember the attorney for the guardian represents the guardian and not the ward but, when the interests are the same and in accord, there is no justifiable cause for the engagement of separate counsel.

The court used the term "reasonable conflict of interest" because there exist some wards who are so totally incapacitated and irrational that some requests by them could not, under any scenario, be honored. The court calls to the attention of counsel of the words of wisdom promulgated by the Florida Supreme Court and found in their decision *In Re: Estate of Lester Platt,* 61 FLW S237, Florida Supreme Court, decided April 4, 1991 wherein the court in addressing the attorney fee question reiterated its earlier holding that time spent by an attorney in establishing the amount of fee is not compensable. See also, *Crittendon Orange Blossom Fruit v Stone,* 514 So.2d 351 (Fla. 1987).

Having heard the arguments of counsel and having received and

178

considered their petitions and memoranda of law, the court finds as follows:

1. Florida Statute Section 744.361(6)(a) requires a guardian over any property of a ward to protect and preserve said property;

2. there is no conflict of interest between this guardian and this ward with respect to these issues;

3. inasmuch as the ward's capacity to sue and be sued has been removed, she is not a proper party to the proceedings on the fee petitions; and

4. on this basis the defense of the pending fee petitions is the responsibility of the guardian and its counsel, and participation by the ward's counsel is unnecessary and inappropriate. Accordingly, it is thereupon

ADJUDGED Harris Trust Company of Florida and its counsel shall take full responsibility for the fee petitions now pending before the court and, to the extent that authority may be required pursuant to Florida Statute Section 744.441(11), said authority is hereby granted.

ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida on May 23, 1991.