PER CURIAM.
The only issue raised in this appeal is whether the judge of compensation claims erred in awarding costs to the claimant. We dismiss the appeal. As long as any other matter is pending before a judge of compensation claims, an order taxing costs is not reviewable, unless appealed as part of an adjudication on the merits. Here, the award of costs was not incidental to an adjudication of the merits of a workers’ compensation claim. The need for a decision on the merits had been obviated by a settlement reached before the merits hearing was scheduled to begin.
In the very order appealed, the judge of compensation claims reserved jurisdiction to determine entitlement to attorney’s fees. An order awarding costs is not among the reviewable non-final orders listed in Rule 4.160(b), Florida Rules of Workers’ Compensation Procedure (1993). Piecemeal review is highly disfavored. See generally Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993).
Where the merits are resolved without hearing and the only issues remaining before the judge of compensation claims concern attorney’s fees and taxable costs, judicial economy is served by postponing an appeal of an award of taxable costs until the judge of compensation claims has also ruled on the attorney’s fees issue. See generally City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983) (order determining entitlement to bad faith attorney’s fees not final until order determining amount of fee award was entered). Considerations of judicial economy pertain with special force where, as here, both awards may hinge on the determination whether an employer or an employer’s insurance carrier has acted in bad faith.
In dismissing this appeal, we do not in any way depart from the rule that a judge of compensation claims may, in an order adjudicating the merits of a claim for benefits, reserve jurisdiction to award attorney’s fees, without affeeting the finality of the order adjudicating the merits (which may include an award of costs). See Kolmel Plumbing, Inc. v. Kolmel, 448 So.2d 577 (Fla. 1st DCA 1984); City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983).
The appeal is dismissed without prejudice to raise the question of costs on appeal of a final order disposing of all matters then pending before the judge of compensation claims.
SMITH, LAWRENCE and BENTON, JJ., concur.