DAVIS, Judge.
Department of Transportation/Division of Risk Management appeal an order of the judge of compensation claims (JCC), awarding a $15,000 attorney’s fee to claimant’s counsel, pursuant to section 440.34(1), Florida Statutes (1987), for time expended in obtaining an increase in claimant’s average weekly wage (AWW) and in obtaining authorization for an Optifast program before claimant could undergo surgery. Appellant argues that: (1) the JCC erred in awarding attorney’s fees for the time spent in establishing the amount of the fee and; (2) there is a lack of competent substantial evidence to support the JCC’s departure from the statutory fee schedule. We affirm in part and reverse in part.
We hold that the JCC’s award of an attorney’s fee in excess of the statutory fee schedule pursuant to section 440.34(1), Florida Statutes, is supported by competent substantial evidence. Appellee concedes, however, that the JCC erred in awarding fees for the time spent by counsel in establishing the amount of the fee. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla. 1987). Appellee agrees that six hours spent in proving the amount of the fee should, therefore, be deducted from the 54.5 hours of total time expended by counsel for appellee.[1]
Appellant argues that the JCC erred in awarding attorney’s fees for an additional 17.5 hours expended by counsel for claimant between September 25, 1990 and November 21, 1990. With the exception of 3.5 hours awarded for the receipt and processing of temporary total disability, prescription and mileage checks, we find that the award of attorney’s fees for time expended by counsel for claimant between September 25,1990 and November 21, 1990, is supported by competent substantial evidence. There is no evidence in the record to support the JCC’s award of attorney’s fees for 3.5 hours spent in receipt and processing of temporary total disability, prescription and mileage checks. In fact, counsel for claimant admitted that the time spent in the receipt and processing of temporary total disability checks had nothing to do with obtaining the medical benefit for claimant or in obtaining an increase in claimant’s AWW.
Accordingly, we reverse and remand with directions that the JCC enter an order awarding claimant’s attorney an attorney’s fee based on an hourly rate of $300 per hour, and based on a total number of hours which *129 take into account a deduction of 6 hours spent in establishing the amount of the fee and a deduction of 3.5 hours spent in the receipt and processing of temporary total disability, prescription and mileage checks.
ZEHMER, C.J., and BOOTH, J., concur.

. The JCC found that 50 hours were reasonable and necessary to return the benefits secured. The JCC did not identify in her order the 4.5 hours which were deducted from the 54.5 hours expended by counsel for claimant.