KAHN, Judge.
Appellant, the employer/carrier (E/C) in this workers’ compensation claim, challenge an attorney’s fee awarded to counsel for appellee. Appellant first argues that the judge of compensation claims (JCC) erred in the amount of the attorney’s fee because numerous hours claimed were for time spent unrelated to any of the benefits secured. The E/C presented an expert witness who found the time claimed to be excessive. The record, however, also contains evidence in the form of testimony given by claimant’s attorney, Mr. Smith, that his involvement “in this case from the very first day until the day this man died was necessary due to either the failure on the part of the employer/carrier to initiate appropriate investigative effort or their failure to pay monetary benefits, indemnity benefits that Mr. Smith was entitled to and then their failure to acknowledge the need for psychiatric care and treatment which they ultimately admitted by their willingness to authorize and pay for_” Accordingly, we find competent substantial evidence to support the amount of the fee, with one exception.
Prior to the hearing, E/C had stipulated to counsel’s entitlement to an attorney’s fee, and such stipulation was noted by the JCC. Therefore, the only issue at the fee hearing concerned the amount of the fee. Attorney Smith testified that he spent four hours in preparation for the fee hearing, two hours at the hearing, and seven hours in preparation of his petition, which primarily consists of an itemization of time spent on the case. The E/C is not responsible for payment for time spent by claimant’s counsel in establishing the amount of the fee. Crit-tenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla.1983); Hyatt Regency Grand Cypress v. Williams, 639 So.2d 1119 (Fla. 1st DCA 1994). “Even if these additional hours were necessitated by the [E/C’s] resistance, so that the claimant’s attorney had to spend more time in proving the hours expended in obtaining the merits award, the fee predicate may not encompass this additional time as it ultimately pertains only to the amount of the fee.” Id. Therefore, because the JCC erroneously included seven hours for preparation of the fee petition as well as six hours for preparation and attendance at the fee hearing, we REVERSE and REMAND for further proceedings. On remand, the JCC may enter an order awarding claimant’s attorney a fee at the hourly rate established in the previous hearing, with the deduction of the excess 13 hours. See Dep’t of Transp. v. Logan, 645 So.2d 127, 128-29 (Fla. 1st DCA 1994).
DAVIS, J., and SMITH, Senior Judge, concur.