HAWKES, J.
Claimant challenges the Judge of Compensation Claims’ (JCC) order, which denied Claimant’s request that the employer and carrier (E/C) pay the fees and costs resulting from a medical expert’s second deposition. The second deposition was conducted solely for the purpose of determining the value of treatments the physician previously recommended. The value of the recommended treatment was necessary to determine the attorney’s fee to *223 which Claimant was entitled. See § 440.34(2), Fla. Stat. (2005). We affirm.
It is well settled that the E/C is not obligated to pay expert witness fees charged by an attorney testifying as to the reasonableness of a requested attorney’s fee in a workers’ compensation case. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla.1987). We see no reason this rule should not be equally applied to medical expert witnesses.
In any workers’ compensation case where the necessity of medical benefits is contested, expert medical testimony will be required. It would be a simple matter to elicit the expert’s opinion as to the value of the medical treatment recommended when the expert is giving his medical opinion as to the necessity of treatment. We can conceive of no circumstance in which such testimony could not be elicited at this time, and doing so is consistent with “the philosophy of the worker’s compensation law to provide an expeditious result at a minimum cost.” Id. at 353.
If, for some reason, those questions cannot be asked in the primary proceeding, the JCC can often ascertain the value of medical benefits obtained without a hearing, based upon a medical expert’s affidavit. Although it is within the JCC’s discretion to hold collateral proceedings to determine the amount of attorney’s fees, medical expert witness fees incurred during such proceedings are not taxable against the E/C.
The JCC’s order is AFFIRMED.
VAN NORTWICK and THOMAS, JJ., concur.