MILLS, Chief Judge.
Orange State Marine, the employer, and Reliance Insurance Company, the carrier, *1368 appeal from an award of attorney’s fees by the Judge of Industrial Claims in a workers’ compensation case. We affirm.
After Walter Snack, the employee, filed a claim and an application for a hearing, the employer-carrier deposed him. Subsequently, a second application for hearing was filed and a second deposition was taken by the employer-carrier. At the time the depositions were taken, the claim had not been controverted nor had 21 days passed without payment. Thereafter, claim for compensation was withdrawn and three days later Snack’s attorney petitioned the Judge to establish a reasonable attorney’s fee for his attendance at the depositions, pursuant to Section 440.30, Florida Statutes (1978). A fee of $400 was awarded.
The employer-carrier urges that the factors considered in the order imply that the Judge awarded the fees pursuant to Section 440.34, Florida Statutes (1978), and that if the award was made pursuant to Section 440.30, the Judge erred in interpreting and applying the statute. It also urges that because the claim for compensation was voluntarily withdrawn before the petition for attorney’s fees was filed, the Judge lost jurisdiction to adjudicate and award attorney’s fees.
The petition for attorney’s fees expressly relied on Section 440.30 as the basis for the fees and there is nothing in the order indicating that the award was made on any other basis. Section 440.30 provides in pertinent part:
“If the claim has not been controverted or if 21 days have not passed without payment, then the carrier or employer taking the deposition shall pay the claimant’s attorney a reasonable attorney’s fee for attending said deposition.”
The employer-carrier concedes that under the facts of this case the attorney’s fee is justified if the strict language of the statute is applied. The statute is clear and unambiguous and it was properly applied by the Judge.
As for the jurisdictional challenge, the attorney’s right to a fee vests upon his attendance at a deposition which comes within the provisions of Section 440.30 and the Judge is not divested of jurisdiction to award the fee by the withdrawal of the claim.
The employer-carrier also challenges the amount of the fee. We have reviewed the record and the order and find no error.
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.