PER CURIAM.
Appellant, Larry McConnell, appeals what we determine to be a final order of the judge of compensation claims (JCC) dis *66 missing with prejudice his claim for worker’s compensation benefits for failure to attend an independent medical examination (IME). We reverse, finding it necessary to address only one of the three issues raised on appeal.
Appellant filed a claim for worker’s compensation benefits, alleging that he suffered an industrial accident while in the employ of appellee, Florida Furniture Center. The employer/carrier (e/c) chose, as is its statutory right, to have claimant submit to an IME. It is not necessary to describe with particularity the disagreements and lack of cooperation of the parties with respect to the scheduling of the IME. Suffice it to say that a hearing on the e/c’s motion to compel an IME was held on March 18, 1991. As a result of this hearing the JCC ordered claimant to submit to an IME at the Jewett Clinic in Orlando at a specified date and time. The doctors at the clinic declined to perform such IME, upon which event the e/c took it upon itself to schedule another IME with a Dr. Donald Pierson. Claimant failed to attend this IME. Upon a subsequent motion filed by the e/c, the JCC entered the order presently appealed, dismissing appellant’s claim with prejudice.
We must reverse the JCC’s order because dismissal with prejudice is too harsh a sanction to impose for failure to attend an IME not ordered by the JCC. See Commonwealth Federal Savings and Loan Association v. Tubero, 569 So.2d 1271 (Fla. 1990). We remand the case to the JCC for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BOOTH and MINER, JJ., concur.
BARFIELD, J., concurs with opinion.