PER CURIAM.
The employer and carrier (E/C) have sought review of a non-final order that granted the claimant an independent medical evaluation (IME) with a physician chosen by the claimant and ordered the E/C to pay for the IME. The E/C argue that the judge of compensation claims (JCC) erroneously assumed that section 440.13(5), Florida Statutes (Supp.1994), which went into effect on January 1, 1994, was applicable. That section provides that the carrier or the employee may select an independent medical examiner.
The E/C correctly assert that the applicable law in this case is the law in effect on May 21, 1992, the date of the accident, and that the 1993 amendments do not apply. See Southern Bakeries and Kemper Group v. Corwin Cooper, 20 Fla.L.Weekly D942 (Fla. 1st DCA Apr. 11, 1995). Our review of the order on appeal, however, indicates that the JCC relied upon section 440.29(1), Florida Statutes, which provides:
In making an investigation or inquiry or conducting a hearing, the judge of compensation claims shall not be bound by technical or formal rules of procedure, except as provided by this chapter, but may make such investigation or inquiry, or conduct such hearing, in such manner as to best ascertain the rights of the parties.
The JCC is authorized to order an IME pursuant to his investigatory powers provided in section 440.29(1). Berry Corporation v. Smith, 576 So.2d 1366 (Fla. 1st DCA 1991).
Because the E/C’s jurisdictional argument is based upon application of the amendments to section 440.13(5) enacted by chapter 93-415, Laws of Florida, we decline to exercise jurisdiction to consider this case under the requirements set out in Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993).
The appeal is therefore DISMISSED.
BARFIELD, KAHN, and DAVIS, JJ., concur.