SMITH, Senior Judge.
Appellant, the claimant below, challenges a workers’ compensation order denying his *1322 claim for attorney’s fees under section 440.30, Florida Statutes (1993), for his attorney’s attendance at the claimant’s deposition taken by the employer/earrier (E/C) prior to the filing of a claim.
The facts of this ease are not in dispute. On January 14, 1994, the claimant suffered an injury. On September 29, 1994, with the assistance of counsel, the claimant filed a Request for Assistance as now required under section 440.191, Florida Statutes (1994 Supp.). On October 24, 1994, the appel-lee/employer took the claimant’s deposition. Counsel for the claimant prepared for and attended the claimant’s deposition. On November 28,1994, the claimant filed a Petition for Benefits pursuant to section 440.192, Florida Statutes (1994 Supp.). A Petition for Benefits had not been filed prior to the taking of the claimant’s deposition.
The parties settled the issues relating to the Petition for Benefits. Counsel for claimant subsequently filed a Motion for Attorney’s Fees pursuant to section 440.30, Florida Statutes (1993) for having attended the claimant’s deposition prior to the claimant filing a claim.- The employer defended the motion on the ground that the Request for Assistance was a “claim” within the meaning of section 440.30, Florida Statutes (1993). The Judge of Compensation Claims (JCC) ruled that the claimant’s Request for Assistance constituted a “claim,” and therefore, the claimant was not entitled to attorney’s fees under section 440.30, Florida Statutes (1993).
The claimant argues on appeal that reference to “filing of a claim” in section 440.34, Florida Statutes (1994 Supp.) should properly be construed as the filing of a Petition for Benefits, and therefore, the claimant’s deposition was taken prior to the filing of a “claim” as the term is used in section 440.30, Florida Statutes (1993), entitling the claimant’s counsel to attorney’s fees. We agree.
Section 440.30, Florida Statutes (1993) provides as follows:
Depositions of witnesses or parties, residing within or without the state, may be taken and may be used in connection with proceedings under the Workers’ Compensation Law, either upon order of the judge of compensation claims or at the instance of any party or prospective party to such proceedings, and either prior to the institution of a claim, if the claimant is represented by an attorney, [....] If no claim has been filed, then the carrier or employer taking the deposition shall pay the claimant’s attorney a reasonable attorney’s fee for attending said deposition.
This court has defined the term “claim” as any writing filed with the Division which gives notice to the Division and the employer of the identity of the parties and the nature of the benefits sought. See, A.B. Taff & Sons v. Clark, 110 So.2d 428 (Fla. 1st DCA 1959). In addition, numerous provisions of Chapter 440 establish that the commencement of the litigation process required to invoke the remedies under that chapter is accomplished by the filing of a “claim.” The pre-1994 amendment “Claim for Benefits” under section 440.19, Florida Statutes and the post-1994 amendment “Petition for Benefits” under section 440.192, Florida Statutes, both constitute “claims” as they are required to be filed with the Division, contain such information as will put the Division, the employer and the carrier on notice, and also operate to commence the litigation process. The Request for Assistance does not function as notice of the commencement of litigation, but is an alternate approach for the claimant to seek resolution without beginning the litigation process and acquiring the need for legal services. Further, a Request for Assistance is filed with the Employee Assistance and Ombudsman Office, not the Division. In addition, the claimant may not begin litigation by filing a Petition for Benefits until the claimant has first exhausted the procedures of informal dispute resolution under section 440.191, Florida Statutes (1994 Supp.), which includes the submission of a Request for Assistance to the Employee Assistance and Ombudsman Office. The Request for Assis *1323 tance is a procedure by which the claimant may seek to obtain benefits for his injury without litigation and the involvement of attorneys. The Request for Assistance was created to help avoid the filing of claims and the commencement of litigation. In serving this purpose, a Request for Assistance cannot be construed to constitute a claim under section 440.30, Florida Statutes (1993).
We find that the reference to a filing of a “claim” in section 440.30, Florida Statutes (1993) should properly be construed as the filing of a Petition for Benefits under section 440.192, Florida Statutes (1994 Supp.) and not the filing of a Request for Assistance under section 440.191, Florida Statutes (1994 Supp.). Therefore, the JCC erred in determining that a Request for Assistance is a “claim” under section 440.30, Florida Statutes (1993). Counsel for the claimant prepared for and attended the deposition of the claimant prior to the filing of a claim, and therefore, is entitled to a reasonable attorney’s fees pursuant to section 440.30, Florida Statutes (1993).
Accordingly, we REVERSE, and REMAND for proceedings consistent with this opinion.
KAHN and DAVIS, JJ., concur.