668 So.2d 227 (1996)
Nydia KARELL, Petitioner,
v.
MIAMI AIRPORT HILTON/MIAMI HILTON CORPORATION, Respondent.
No. 95-2068.
District Court of Appeal of Florida, First District.
January 31, 1996.
Rehearing Denied March 12, 1996.
*228 Mark J. Feldman, Miami, for Petitioner.
Douglas W. Barnes and Frank Angione of George, Hartz, Lundeen, Flagg & Fulmer, Ft. Lauderdale, for Respondent.
SMITH, Senior Judge.
The claimant, Nydia Karell, petitions for a writ of certiorari to quash an order of the Judge of Compensation Claims (JCC) dated May 16, 1995, compelling the claimant's appearance before two physicians, one a psychiatrist and the other an orthopedist, for independent medical examinations (IMEs) on motion by the employer/carrier (E/C). We treat this review as an interlocutory appeal pursuant to Rule 4.160(a)(1)(A), Florida Rules of Workers' Compensation Procedure, as amended November 9, 1995, because the JCC's order determines subject matter jurisdiction of the JCC. We find that the JCC has no jurisdiction to compel the claimant to attend an IME during the informal dispute resolution process provided for by section 440.191, Florida Statutes (1994 Supp.). We therefore reverse the challenged order.
According to the petition, the accident occurred on June 8, 1994. Disposition of the petition before us is therefore governed by the pertinent amendments to Chapter 440 effected by Chapter 93-415, Laws of Florida (1993), which have an effective date of January 1, 1994.[1]
We have read and carefully considered the provisions of section 440.191, which creates the "Employee Assistance and Ombudsman Office" (EAO) within the Division of Workers' Compensation, together with related statutes. We find no provision conferring jurisdiction upon the JCC to order an IME prior to the filing of a petition for benefits under section 440.192.
The respondent E/C urges us to find within various statutory provisions the implied authority for the JCC to order an IME during the informal dispute resolution stage of the proceedings. The E/C argue, not without some logic and reason, that jurisdiction on the part of the JCC to compel an IME is necessary to ensure the effectiveness of the informal dispute resolution process. While the E/C can point to no specific statutory provision conferring this authority upon the JCC, they nevertheless argue that the requisite jurisdictional authority can be implied from several statutory provisions as follows: sections 440.30; 440.33(1); 440.25(4)(h); 440.13(4)(c); and 440.13(5)(a), Florida Statutes (1994 Supp.). We cannot agree.
Examination of the cited statutes reveals that the authority of the JCC to act prior to *229 the filing of a petition for benefits has been expressly conferred in certain instances. In some instances the language of the statute is such that the jurisdiction and authority of the JCC is necessarily confined to proceedings before the JCC after a petition for benefits has been filed.
Section 440.30 specifically authorizes the JCC to order the taking of depositions before a claim is filed. However, the authority of the JCC to order depositions or of a party to take depositions, before the filing of a claim, is limited to proceedings in which the claimant is represented by an attorney, and the statute further provides for payment of attorney's fees to the claimant's attorney for representation at such depositions.[2]
Section 440.33(1), authorizes a Judge of Compensation Claims to do "all things conformable to law which may be necessary to enable him effectively to discharge the duties of his office." The key phrases are "conformable to law" and "duties of his office." There is no language in section 440.191 that either permits or requires the JCC to order an IME during the informal dispute resolution process, and nothing that suggests that the JCC has any "duties" or responsibilities during that process. This court has recently declined the invitation to read into section 440.191 authority on the part of a JCC to impose sanctions for a party's failure to attempt to resolve disputes in good faith or to cooperate with the settlement efforts of the EAO, or to find such power implied from the provisions of section 440.33(1). Plouffe v. Lake County Sheriff's Office, 653 So.2d 507 (Fla. 1st DCA 1995). We similarly decline in the case before us to, in effect, rewrite section 440.191 in the manner urged by the E/C.
The E/C argue that conferring authority upon the JCC to act during the informal dispute settlement process would help to bring about the results sought to be achieved by that process. However, such arguments are properly addressed to the legislature rather than to this court. Our task is to interpret and apply the statutes as written, so far as it is possible to do so, and not as one party or the other would like to have them written.
As we recently observed in Wright v. Industrial Automotive and F.A.W.A., 662 So.2d 1321 (Fla. 1st DCA 1995): "The Request for Assistance is a procedure by which the claimant may seek to obtain benefits for his injury without litigation and the involvement of attorneys. The Request for Assistance was created to help avoid the filing of claims and the commencement of litigation."
Section 440.25 contains detailed provisions for mediation and final hearings after the filing of a petition for benefits. Subsection (4)(h) authorizes the JCC to require the appearance before him of the parties and counsel for an emergency conference where there is a bona fide emergency involving the health, safety or welfare of an employee. Section 440.13(4)(c), another provision cited by the E/C as authority for the JCC's jurisdiction to order an IME before the filing of a petition for benefits, provides for the access to and production of medical records, and also requires health care providers to discuss claimant's workplace injuries with the employer, carrier, or the attorney for either of them. These statutory provisions are unrelated to the issue before us.
Finally, the E/C point to the statutory provisions governing IMEs, specifically, section 440.13, as authority for the JCC's pre-claim jurisdiction to order the claimant to appear for an IME. We agree with the E/C that the E/C has the right to schedule an IME prior to the filing of a petition for benefits, just as they did under the statute as it existed in section 440.13(2)(b) prior to the 1994 amendments. The present statute clearly states that an IME may be scheduled "in any dispute" concerning overutilization, medical benefits, compensability, or disability. Section 440.13(5)(a). It is also abundantly clear that section 440.13(5)(d) provides remedies for the employee's failure to appear for a properly scheduled and noticed IME by *230 providing, among other things, that if the employee fails to appear "without good cause" and "fails to advise the physician at least 24 hours before the scheduled date for the examination that he cannot appear," the employee is barred from recovering compensation for any period during which he has refused to submit to such examination. The employee's failure to appear may also result in his being required to reimburse the carrier for 50 percent of the physician's cancellation fee. As may be seen from the above review, the IME provisions are largely self-executing, the one exception being that the employee is given the right to "appeal" to the JCC in the event the E/C withholds payments in excess of the authority granted by this section. Section 440.13(5)(d).
Unlike section 440.30, dealing with the taking of depositions, and unlike section 440.33(1), as implemented by Rule 4.090, Florida Rules of Workers' Compensation Procedure, providing for the preclaim production of documents if the claimant is represented by an attorney, section 440.13(5) contains no authority for the JCC to issue an order to compel an IME prior to the filing of a petition for benefits.[3]
In conclusion, we find no statutory authority or necessity for the litigation before the JCC of IME controversies, which may well present complex issues such as "good cause" for the employee's failure to appear, during the informal dispute resolution stage prior to the filing of a petition for benefits.
For the foregoing reasons, the order to compel IMEs is REVERSED.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] This court has previously determined that amendments relating to independent medical examinations are substantive in nature, and thus applicable only to accidents occurring subsequent to January 1, 1994. Southern Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995); Public Gas Co. v. Monette, 658 So.2d 673 (Fla. 1st DCA 1995).
[2] Under the new IME statute, the E/C's right to schedule an IME before a petition for benefits is filed is not dependent upon the employee being represented by an attorney. Further, under section 440.13(5)(f) attorney's fees incurred by the employee in opposing an IME are not recoverable.
[3] We note that under section 440.25(1), Florida Statutes (1994), the JCC or the division may order an injured employee "claiming or entitled to compensation" to submit to physical examination by a certified medical advisor. Because the present case does not involve examination by a certified medical advisor, we express no opinion on whether the JCC may order such examination before the filing of a petition for benefits.