Mr. Anthony A. Garganese City of Cocoa Assistant Attorney Mariner Square, Suite 302 96 Willard Street Cocoa, Florida 32922-7998
Dear Mr. Garganese:
On behalf of the City of Cocoa, you ask substantially the following questions:
1. May the city council and its attorney hold a closed-door meeting pursuant to section 286.011(8), Florida Statutes, when discussing a workers' compensation claim where a petition for benefits has been filed pursuant to section 440.192, Florida Statutes?
2. If so, may medical information and records pertaining to the city employee's claim be disclosed to the city council during a closed-door meeting held pursuant to section 286.011(8), Florida Statutes?
3. Does the disclosure of medical records to the city council during a closed-door meeting pursuant to section 286.011(8), Florida Statutes, alter the public nature of the transcript of the meeting at the conclusion of the litigation?
In sum:
1. At the request of a city's attorney, the city council and the attorney may hold a closed-door meeting pursuant to section286.011(8), Florida Statutes, to discuss settlement negotiations or strategy related to litigation expenditures for pending litigation involving a workers' compensation claim where a petition for benefits as prescribed in section 440.192, Florida Statutes, has been filed against the city.
2. Medical information and records pertaining to the workers' compensation claim may be disclosed to the city council during the closed-door meeting if such records are necessary to discuss settlement negotiations or strategy related to litigation expenditures in the case.
3. Disclosure of medical records to a city council during a closed-door meeting under section 286.011(8), Florida Statutes, does not affect the requirement that the transcript of such a meeting be made a part of the public record at the conclusion of the litigation.
Question One
Section 286.011(8), Florida Statutes, provides:
Notwithstanding the provisions of subsection (1), any board or commission of any . . . municipal corporation . . . and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met: (a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation. (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures. (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting. (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. . . . (e) The transcript shall be made part of the public record upon conclusion of the litigation. (e.s.)
Thus, as an exception to the general rule that all meetings of a board or commission must be open to the public under section286.011, Florida Statutes,[1] the attorney for a local government may request that the local governing body and the attorney meet in a closed-door meeting to discuss strategy for the settlement of pending litigation before a court or an administrative agency. The question arises, however, whether a workers' compensation claim before a judge of compensation claims is considered litigation before a court or an administrative agency.
Workers' compensation is the exclusive remedy available to an injured employee as to any negligence on the part of the employer.[2] In Chapter 440, Florida Statutes, the Legislature has provided a system governing the payment of workers' compensation benefits to injured workers.[3] The Division of Workers' Compensation (division) in the Department of Labor and Employment Security is charged with the responsibility of administering the workers' compensation law.[4]
While workers' compensation adjudications by judges of compensation claims are exempt from Chapter 120, Florida Statutes, and such a judge is not considered an agency or part of an agency,[5] the proceedings before the judge have been recognized as a special class of litigation designed to accommodate employer and workers and to expedite claims.[6] The Workers' Compensation Act has been characterized as "a limited statutory substitute for common law rights and liabilities."[7] Moreover, the filing of a petition for benefits under the workers' compensation law has been found to constitute the "commencement of the litigation process."[8]
Thus, the system prescribed in Chapter 440, Florida Statutes, operates as a means of adjudicating workers' compensation claims before an administrative tribunal and would be considered litigation before an administrative agency that falls within the purview of section 286.011(8), Florida Statutes. Accordingly, it is my opinion that at the request of a city's attorney, the city council and the attorney may hold a closed-door meeting pursuant to section 286.011(8), Florida Statutes, to discuss settlement negotiations or strategy related to litigation expenditures for pending litigation involving a workers' compensation suit against the city.
Question Two
Section 440.125(1), Florida Statutes, makes confidential any medical records and medical reports of an injured employee and any information identifying an injured employee in medical bills that are provided to the division. The Legislature has specifically found a public necessity in making such records confidential since they contain "personal, sensitive information [that] would be revealed, and public knowledge of such information could lead to discrimination against the employee by coworkers and others."[9]
It is a policy for administering the workers' compensation statute, however, that reasonable access to medical information be given to all parties to facilitate the self-executing features of the law.[10] In carrying out this policy, section 440.13(4)(c), Florida Statutes, provides:
Notwithstanding the limitations in s. 455.241 and subject to the limitations in s. 381.004, upon the request of the employer, the carrier, or the attorney for either of them, the medical records of an injured employee must be furnished to those persons and the medical condition of the injured employee must be discussed with those persons, if the records and the discussions are restricted to conditions relating to the workplace injury. Any such discussions may be held before or after the filing of a claim without the knowledge, consent, or presence of any other party or his agent or representative.[11]
This exception to the general confidentiality provisions governing medical records and medical reports is recognized in section 455.241(2), Florida Statutes.[12] Thus, the employer of an injured person may request the medical records of such person from the medical provider and discuss the medical condition of the injured person, so long as such discussion is limited to conditions related to the workplace injury.
There is nothing contained in Chapter 440, Florida Statutes, that would prevent the city from discussing the medical records obtained pursuant to section 440.13, Florida Statutes, and the condition of an injured employee related to the subject's workplace injury during a closed-door meeting pursuant to section286.011(8), Florida Statutes, as long as such discussion is necessarily related to settlement negotiations or to setting strategy for litigation expenditures.[13]
Question Three
As noted above, the entire session of a closed-door meeting held pursuant to section 286.011(8), Florida Statutes, is to be recorded by a certified court reporter. The record must include the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session may be off the record. The transcribed record is required to be filed with the entity's clerk within a reasonable time after the meeting and shall be made part of the public record upon conclusion of the litigation.
There is nothing in section 286.011(8), Florida Statutes, that addresses documents or records reviewed during the closed-door meeting. However, in cases where medical records relating to a municipal employee's work-place injury are presented to the city council for purposes of discussing settlement negotiations or strategy for litigation expenditures during a closed-door meeting, the statutory exemptions in Chapter 119, Florida Statutes, the Public Records Law, for such records must be considered.
Medical information pertaining to a municipality's prospective, current, or former officer or employee that, if disclosed, would identify such person is exempt from public disclosure, absent written consent by the person or his legal representative or by court order.[14] Moreover, all medical records and claims records of current or former county or municipal employees and their eligible dependents enrolled in a county or municipal group insurance plan are confidential and exempt from section 119.07(1), Florida Statutes.[15] Thus, medical records of a municipal employee are clearly confidential and may not be disclosed as a public record absent consent from the employee or a court order.
Section 119.07(6), Florida Statutes, provides that an exemption from section 119.07, Florida Statutes, does not imply an exemption from section 286.011, Florida Statutes. An exemption from section286.011, Florida Statutes, must be expressly provided. Thus, an exception to Chapter 119, Florida Statutes, does not by implication allow a public agency to close a meeting in which exempted material is to be discussed, absent a specific exemption to section 286.011, Florida Statutes. Section 286.011(8), Florida Statutes, provides such an exemption and allows the closure of a meeting to discuss settlement negotiations and strategy for litigation expenditures. While the provisions in this statute direct that the transcript of such a meeting be made public once the litigation is complete, nothing contained in section286.011(8), Florida Statutes, overrides or renders meaningless the confidentiality provisions that attach to medical records of municipal employees.[16] However, the confidentiality that attaches to the records under Chapter 119, Florida Statutes, does not extend to the discussion of those records and Chapter 286, Florida Statutes.
Therefore, given that the transcript of a closed-door meeting under section 286.011(8), Florida Statutes, is open to public inspection upon conclusion of the litigation, the city and its attorney should be sensitive to any discussions of an employee's medical reports that are reviewed during such a meeting. The participants in such discussions under these circumstances, therefore, should take precautions to protect the confidentiality of an employee's medical reports and condition such that when the transcript of the closed-door meeting is made a part of the public record, the privacy of the employee will not be breached.
Accordingly, it is my opinion that the disclosure of a city employee's medical records to a city council during a closeddoor meeting under section 286.011(8), Florida Statutes, to discuss settlement negotiations or strategy related to litigation expenditures does not alter the requirement that the transcript of the closed-door meeting be made a part of the public record at the conclusion of the litigation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 286.011(1), Fla. Stat. (1995), states:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
[2] Section 440.11(1), Fla. Stat. (1995).
[3] Section 440.015, Fla. Stat. (1995).
[4] Section 440.44, Fla. Stat. (1995).
[5] Section 440.021, Fla. Stat. (1995).
[6] See, Lee v. Florida Pine Cypress, 157 So.2d 513, 516 (Fla. 1963).
[7] See, Humana of Florida, Inc., v. McKaughan, 652 So.2d 852
(Fla. 2d DCA 1995), citing, American Freight System, Inc., v. Florida Farm Bureau Casualty Insurance Company, 453 So.2d 468
(Fla. 2d DCA 1984).
[8] See, Wright v. Industrial Automotive, 662 So.2d 1321, 1322
(Fla. 1st DCA 1995) (commencement of litigation process required to invoke the remedies under Chapter 440 is accomplished by filing of a "claim"). See also, s. 440.25, Fla. Stat. (1995), setting forth the procedures for mediation and hearings involving workers' compensation claims and generally prescribing the judicial nature of the proceedings; and s. 440.192, Fla. Stat. (1995), prescribing the requirements for a petition for benefits.
[9] Section 440.125(2), Fla. Stat. (1995). Cf., Op. Att'y Gen. Fla. 90-88 (1990), in which this office concluded that a notice of injury form filed with a municipality pursuant to the workers' compensation statutes is a public record, regardless that the form includes medical information that is otherwise confidential.
[10] Section 440.13(4)(c), Fla. Stat. (1995).
[11] Section 455.241(2), Fla. Stat. (1995), states that, with the exception of s. 440.13(2), patient records may not be furnished to any person other than the patient or the patient's legal representative or other health care providers involved in the care or treatment of the patient without the patient's written authorization. Section 381.004, Fla. Stat. (1995), states that the identity of any person upon whom a human immunodeficiency virus test has been performed and the test results are confidential and shall not be released except as specified therein.
[12] Section 455.241, Fla. Stat. (1995), refers to s. 440.13(2), Fla. Stat., and does not reflect the substantial rewrite of s.440.13, Fla. Stat., in s. 17, Ch. 93-415, Laws of Florida, where the authorization for medical records to be provided to employers in workers' compensation cases was moved from s. 440.13(2)(f) to s. 440.13(4)(c).
[13] Cf., Op. Att'y Gen. Fla. 95-75 (1995), in which this office concluded that records of emergency calls containing confidential patient examination or treatment information were available to the city attorney or an attorney under contract with the city and other city officials responsible for advising the city regarding the provision of emergency medical services by the city or defending the city against a possible claim against the city for the provision of such services.
[14] Section 119.07(3)(v), Fla. Stat. (1995).
[15] See, s. 112.08(7), Fla. Stat. (1995), also providing:
Such records shall not be furnished to any person other than the employee or the employee's legal representative, except upon written authorization of the employee, but may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the employee or the employee's legal representative by the party seeking such records. . . .
[16] Cf., Op. Att'y Gen. Fla. 90-88 (1990), in which this office concluded that the inclusion of medical information in a workers' compensation notice of injury form filed with a municipality does not convert the otherwise public form to a medical record that is exempt from disclosure.