PER CURIAM.
As part of a utilization review, CNA Insurance Companies (“CNA”), a workers’ compensation insurance carrier, scheduled an independent medical examination for an employee to whom it was furnishing medical benefits. When the employee, Pierre Delgado, refused to submit to an examination, CNA filed a motion with a judge of compensation claims to compel an independent medical examination. Opposing the motion, Mr. Delgado contended that the judge of compensation claims lacked jurisdiction to decide the motion. The order under review rejects this contention. Mr. Delgado appeals that determination. We affirm.
We have jurisdiction to review the order, whether it is viewed as final or as interlocutory. See Fla. R.App. P. 9.180(b)(1) (1997) (“The First District Court of Appeal ... shall review by appeal ... any nonfinal order of a lower tribunal that adjudicates ... jurisdiction....”). If we “treat this review as an interlocutory appeal ... [we have jurisdiction] because the JCC’s order determines subject matter jurisdiction of the JCC [judge of compensation claims].” Karell v. Miami Airport Hilton, 668 So.2d 227, 228 (Fla. 1st DCA 1996).
We affirm on the authority of Compcare of Florida v. Cason, 693 So.2d 127 (Fla. 1st DCA 1997) (reversing order denying independent medical examination to assess alleged overutilization). Other recent decisions proceed on the assumption that a judge of compensation claims has authority to compel independent medical examinations in other circumstances. See Karell, 668 So.2d at 229-30; Reed v. Reed, 643 So.2d 1180 (Fla. 1st DCA 1994); Roberts v. Ben Hill Griffin, Inc., 629 So.2d 236 (Fla. 1st DCA 1993); McConnell v. Florida Furniture Center, 611 So.2d 65 (Fla. 1st DCA 1992). “The judge of compensation claims may ... compel the attendance ... of witnesses ...; and do all things conformable to law which may be necessary to enable him [or her] effectively to discharge the duties of his [or her] office.” § 440.33(1), Fla. Stat. (1993). In disallowing recovery for attorney’s fees by an injured employee opposing an independent medical examination “including, but not limited to, motions for protective orders,” section 440.13(5)(f), Florida Statutes (Supp.1994), implies jurisdiction in the judge of compensation claims to grant protective orders and, conversely, motions to compel independent medical examinations to which employers or their insurance carriers are entitled.
As we observed in Karell, 668 So.2d at 229-230, in discussing the same statutory provisions at issue here:
The present statute clearly states that an IME [independent medical examination] may be scheduled “in any dispute” concerning overutilization, medical benefits, compensability, or disability. Section 440.13(5)(a). It is also abundantly clear that section 440.13(5)(d) provides remedies for the employee’s failure to appear for a properly scheduled and noticed IME by providing, among other things, that if the employee fails to appear “without good cause” and “fails to advise the physician at least 24 hours before the scheduled date for the examination that he cannot appear,” the employee is barred from recovering compensation for any period during which he has refused to submit to such examination.
In Karell, we held that there was “no authority for the JCC to issue an order to compel an IME prior to the filing of a petition for benefits.” Id. at 230 (emphasis supplied).
The issue in Karell was whether, as the “E/C argue[d], not without some logic and reason, ... jurisdiction on the part of the JCC to compel an IME is necessary to ensure the effectiveness of the informal dispute resolution process,” id., 668 So.2d at 228, which, unless it led to settlement, would culminate in formal proceedings initiated by a petition for benefits. Karell is distinguishable from the present case, however, for reasons the judge of compensation claims explained in the order under review:
*355 First, the Kwrell ease did not involve utilization review and, secondly, it involved a Motion to Compel an IME during the informal dispute resolution process. The instant case involves a dispute between [CNA] and the [health care] provider which is not subject to the informal dispute resolution process.
Section 440.13(6), Florida Statutes (Supp. 1994), dealing with utilization review, specifically provides: “Carriers ... may conduct independent medical ... evaluations.” Section 440.13(7), Florida Statutes (Supp.1994), confers jurisdiction not on the judge of compensation claims, but on the Division of Workers’ Compensation of the. Department of Labor and Employment Security, in the event a dispute as to utilization arises. A utilization dispute will never give rise, therefore, to the “filing of a petition for benefits.” Karell, 668 So.2d at 230.
But, as our decision in Compcare indicates, the judge of compensation claims does have a role to play when a party to a utilization dispute resorts to the sanctions authorized by section 440.13(5)(d), Florida Statutes (Supp.1994). As we pointed out in Kwrell, “the employee is given the right to ‘appeal’ to the JCC in the event the E/C [employer/carrier] [demands reimbursement of “50 percent of the physician cancellation or no-show fee,” § 440.13(5)(d), Fla. Stat. (Supp.1994) or] withholds payments in excess of the authority granted by this section. Section 440.13(13)(5)(d).” Id., 668 So.2d at 230. Similarly, if “the employee fails to appear for the independent medical examination without good .cause,” § 440.13(5)(d), Fla. Stat. (Supp. 1994), the judge of compensation claims has jurisdiction to enforce the rights of “the employer and its carrier ... to the independent medical examination they seek[] under section 440.13(5)(a), Florida Statutes (Supp. 1994).” Compcare, 693 So.2d at 127..
Affirmed.
BOOTH, BENTON and PADOVANO, JJ., concur.