PER CURIAM.
This cause is before us on appeal from an order of the Judge of Compensation Claims (hereinafter JCC) waiving the 30-day informal dispute resolution period mandated by section 440.191(2)(a), Florida Statutes (1993). We reverse, finding that the JCC did not have the authority to waive the informal dispute resolution period.
Ramona Nadal, the deceased claimant, allegedly sustained an industrial accident on December 29, 1995. She died shortly thereafter. Her beneficiaries are Appellees in the instant case.
On December 24, 1997, five days before the statute of limitations would have expired, Appellees filed a Request for Assistance with the Employee Assistance and Ombudsman Office, as required by section 440.191, Florida Statutes (1993). On that same day, Ap-pellees filed an emergency motion to shorten the informal dispute resolution time, or waive the time period in its entirety. A hearing before the JCC was held on that same day. The JCC granted the motion and entered an order waiving the informal dispute resolution process. Later that same day, Appellees filed a petition for benefits.
At the time Appellees filed the subject motion to shorten time and/or motion to waive the informal dispute process, the instant cause was just entering the statutory 30-day informal dispute resolution process. The JCC exceeded her statutorily authorized jurisdiction by both entertaining and then granting Appellee’s motion during this period. See Karell v. Miami Airport Hilton/Miami Hilton Corp., 668 So.2d 227 (Fla. 1st DCA 1996). Section 440.191(2)(a), Florida Statutes (1993), clearly states that an employee may not file a petition for benefits unless the employee has exhausted the informal dispute resolution process. In this case, Appellees had yet to exhaust the informal dispute resolution process when the JCC intervened and waived the process. Accordingly, we reverse the JCC’s order. We express no opinion as to whether the filing of the Request for Assistance tolled the statute of limitations.
BOOTH, BENTON and PADOVANO, JJ., CONCUR.