HAZOURI, J.
ITT Hartford (Hartford), a workers’ compensation insurance carrier, filed a complaint in circuit court for declaratory judgment pursuant to sections 86.101 and 86.111, Florida Statutes (1997), because it was in doubt as to its obligation to Robin Cleary, who was injured in a work related accident. Hartford alleged that Robin Cleary was a partner of the insured, Brian A. Cleary, who had not elected coverage as required by the policy.
Brian Cleary filed a motion to dismiss the complaint on the grounds that the circuit court lacked jurisdiction because section 440.25, Florida Statutes (1997), provides the exclusive procedure for resolution of workers’ compensation issues. The trial court granted the motion holding that even though the circuit court had jurisdiction to enter a declaratory judgment involving a workers’ compensation coverage question, it was appropriate to decline to exercise that jurisdiction and defer the issue to the Judge of Compensation Claims (JCC). We affirm.
The complaint alleges that Hartford provided workers’ compensation insurance to Brian A. Cleary; that on July 20, 1996, Robin Cleary, Brian’s wife, suffered a work related injury; and that Robin Cleary sought workers’ compensation benefits as an employee of Brian Cleary. The complaint further alleges that Robin Cleary was a business partner of Brian Cleary who had failed to affirmatively elect workers compensation coverage; and, therefore, is not covered by the Hartford policy. Despite these allegations, Hartford continues to pay benefits to Robin Cleary as if she were an insured under the policy and thus it has been unnecessary for Robin Cleary to file a petition for benefits *568 pursuant to section 440.192, Florida Statutes (1997).
The trial court correctly reasoned that it had jurisdiction to enter a declaratory judgment even though the controversy involves workers’ compensation coverage and correctly cited to Strachan Shipping Co. v. Spigner, 573 So.2d 926 (Fla. 1st DCA 1991). The basis for the trial court’s dismissal was that the circuit court and the JCC had concurrent jurisdiction and the trial court was entitled to decline to exercise jurisdiction and require Hartford to seek a determination of insurance coverage from the JCC. The trial court cited as authority for that proposition International Piling, Inc. v. American National Fire Insurance Co., 345 So.2d 761 (Fla. 4th DCA 1977), and Fireman’s Fund Insurance Co. v. Rich, 220 So.2d 369 (Fla.1969).
Hartford argues that the First District Court of Appeal’s decision in Karell v. Miami Airport Hilton /Miami Hilton Corp., 668 So.2d 227 (Fla. 1st DCA 1996), requires a reversal. Hartford contends that Karell stands for the proposition that the JCC’s jurisdiction is confined to proceedings after a petition for benefits has been filed pursuant to section 440.192, Florida Statutes (1997), and therefore, under the facts of this case, there is no concurrent jurisdiction with the JCC. We disagree.
Karell involved the quashing of a JCC’s order compelling a claimant to submit to an independent medical examination (IME) pursuant to section 440.191, Florida Statutes (Supp.1994). The court in Karell found no provision conferring jurisdiction upon the JCC to order an IME prior to the filing of a petition for benefits under section 440.192. See Karell, 668 So.2d at 228. Nowhere does the court confine the JCC’s jurisdiction to section 440.192.
Our court in International Piling, Inc., citing Rich, held that the JCC has jurisdiction to decide coverage disputes between a carrier and an employer under section 440.42(3), Florida Statutes (1967). Therefore, the trial court did not abuse its discretion in dismissing Hartford’s complaint for declaratory relief and deferring to the JCC.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.