BENTON, J.,
concurring.
As written, section 440.25, Florida Statutes (1997), contemplates compliance with sections 440.191 (requiring that a request for assistance be filed before a petition for benefits is filed) and 440.192 (authorizing the filing of a petition for benefits, if the request for assistance proves unavailing for thirty days). Here the claimant did not file a request for assistance before he filed his motion for emergency medical conference. Nor does the motion for emergency medical conference meet the pleading requirements laid down by section 440.192.
We have apparently held, however, that an employee can obtain relief from a judge of compensation claims in the event of an emergency,[1] even though no petition for benefits has been filed. See Town of Jupiter v. Andrejf 656 So.2d 1374, 1377 (Fla. 1st DCA 1995). Certainly that was the thrust of much that was said, albeit in dicta, in Dayco Prods. v. Rue, 676 So.2d 58, 61 (Fla. 1st DCA 1996) (“The emergency conference is an exception to the procedure otherwise envisioned by the Act.”).
If claims for “medical benefits only” can be asserted in this fashion,[2] a prevailing *1209 claimant is entitled to recover an attorney’s fee under section 440.34(3)(a), Florida Statutes (1997), which provides:
(3) ... A claimant ... shall be entitled to recover a reasonable attorney’s fee from a carrier or employer:
(a) Against whom she or he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident....
See, e.g., Allen v. Tyrone Square 6 AMC Theaters, 731 So.2d 699 (Fla. 1st DCA 1999). While arguing that no emergency existed here, the employer did not appeal the award of medical benefits and is therefore bound by that determination, including the finding that an emergency existed.[3]
The employer also argues that an award of fees is precluded by section 440.192(7), Florida Statutes (1997), which provides: “Notwithstanding the provisions of s. 440.34, a judge of compensation claims may not award attorney’s fees payable by the carrier for services expended or costs incurred prior to the filing of a petition that does not meet the requirements of *1210 this section.” (Emphasis supplied.) Reasonable people may wonder if the Legislature meant “prior to the filing of a petition meeting the requirements of this section.” But, as written, section 440.192(7), Florida Statutes (1997), does not bar the award of attorney’s fees where no petition for benefits has been filed.

. Disputes about emergencies that are urgent enough to land employees in emergency rooms are, as a practical matter, not susceptible to resolution beforehand under the statutory scheme, in any event. See generally § 440.13, Fla. Stat. (1997).

. Section 440.25(4)(h) does not in terms confer jurisdiction on the judge of compensation *1209 claims where no petition for benefits has been filed. Section 440.25(4)(h) provides:
Notwithstanding any other provision of this section, the judge of compensation claims may require the appearance of the parties and counsel before her or him without written notice for an emergency conference where there is a bona fide emergency involving the health, safety, or welfare of an employee. An emergency conference under this section may result in the entry of an order or the rendering of an adjudication by the judge of compensation claims.
(Emphasis supplied.) The reference to "this section" is to section 440.25, which pertains to "[pjrocedures for mediation and hearings.” Section 440.25 begins: "Within 21 days after a petition for benefits is filed under s. 440.192.” (Emphasis supplied.)
Neither Florida Rule of Workers’ Compensation Rule 4.065 ("Motion Practice") nor Rule 4.095 ("Emergency Conferences”) purports to confer jurisdiction on the judge of compensation claims if no petition for benefits has been filed. See Ruskin Packaging v. Nadal, 725 So.2d 422, 422 (Fla. 1st DCA 1999) ("The JCC exceeded her statutorily authorized jurisdiction by both entertaining and tiren granting Appellee’s motion [to shorten time and/or motion to waive the informal dispute process] during this period [before the petition for benefits had been filed.]"); Karell v. Miami Airport Hilton/Miami Hilton Corp., 668 So.2d 227, 229-30 (Fla. 1st DCA 1996) (concluding no provision conferred jurisdiction on judge of compensation claims to order independent medical evaluation before a petition for benefits had been filed).

. Mr. Taylor injured his left knee on May 24, 1997. On November 25, 1998, in the course of an authorized surgical procedure, cartilage was removed, for culturing with a view toward surgical (re)implantation. The judge of compensation claims found that "the tissue may not be available to safely use beyond approximately one year from that surgery.” On May 3, 1999, an authorized, treating physician recommended a "Maquet procedure followed by a Carticel implantation of the patella and femoral condyle.” On August 16, 1999, if not before, the authorized, treating physician made a firm decision to go forward with the Carticel transplantation. The motion for emergency medical conference was ■not, however, filed until October 13, 1999.
A hearing on the motion took place on November 15, 1999, and an order was entered in claimant’s favor on November 19, 1999. The judge of compensation claims found that the possibility of having to extract more cartilage (if what had already been cultured remained viable but lost its viability while the parties litigated) constituted an emergency. The employer’s counsel moved to set aside the order. This motion was granted on December 6, 1999. According to claimant’s motion for attorney’s fees, the claimant filed a request for assistance on or about December 6, 1999. An order granting motion for emergency medical care under 440.25(4)(h) was entered on December 13, 1999. Although the employer could have appealed this order, it instead authorized the Carticel (re)implantation on December 22, 1999. Cf. Nolder v. Agency for Health Care Administration, 23 FALR 346 (DOAH 2000).