PER CURIAM.
Claimant receives permanent and total disability benefits from the Employer/Carrier (E/C) for a work-related injury sustained in 1999. Claimant filed a petition for a writ of certiorari to quash an order of the Judge of Compensation Claims (JCC) compelling Claimant to execute forms authorizing the Social Security Administration (SSA) to release Claimant’s records to the E/C. Since the order was entered over Claimant’s argument that the JCC lacked jurisdiction over the dispute, the order “adjudicates jurisdiction.” Accordingly, we treat this review as an appeal pursuant to Florida Rule of Appellate Procedure 9.180(b)(1) (2005). We affirm.
After the SSA denied Claimant disability benefits a second time, the E/C sought access to his SSA records pursuant to section 440.15(9)(c), Florida Statutes (2004).[1] Historically, an E/C could access these records by providing SSA with a signed DWC-14 Form referenced in Florida Administrative Code Rule 69L-3.0194(3)(d)4; however, SSA recently began requiring an additional signed consent form which they developed. Claimant signed the DWC-14 Form, but refused to sign the SSA form.
Claimant’s refusal to sign the SSA form resulted in the E/C filing a motion to compel. The JCC subsequently granted the motion and ordered Claimant to execute the SSA form. Claimant contends (1) the JCC never had jurisdiction over the dispute because there was no pending petition for benefits, and (2) the JCC could not compel him to sign a form that was not *28 referenced in Rule 69L-3.0194(3)(d)4. Claimant errs in both contentions.
As to the first contention, Claimant erroneously implies that an E/C has no remedy to enforce any of its substantive rights under chapter 440 unless a claimant first files a petition for benefits. An E/C has a statutory right to access a claimant’s social security disability benefit records pursuant to section 440.15(9)(c). The JCC has jurisdiction, pursuant to section 440.33(1), to “do all things conformable to law which may be necessary to enable the [JCC] effectively to discharge the duties of her or his office.” Here, the JCC compelling Claimant to sign the SSA form was conformable, or based on, section 440.15(9)(c) and therefore necessary to discharge the duties of his office.
As to the second contention, nowhere does section 440.15(9)(c) or rule 69L-3.0194(3)(d)4 expressly limit the forms a claimant must sign. Even if, as Claimant suggests, the rule implicitly limits Claimant’s responsibility to execute only the DWC-14 Form, it is “axiomatic that an administrative rule cannot ... contravene the provisions of a statute.” Zimmerman v. Florida Windstorm, 873 So.2d 411, 414 (Fla. 1st DCA 2004) (quotations omitted) (quoting Dep’t of Bus. Reg. v. Salvation Ltd., 452 So.2d 65, 66 (Fla. 1st DCA 1984)). Here, the statute allows the E/C access.
AFFIRMED.
BENTON, POLSTON and HAWKES, JJ., concur.

. The statute in effect at the time of the accident was substantively the same, but was located in section 440.15(10)(c), Florida Statutes (1999).