PER CURIAM.
 

 Having considered the parties’ timely responses to this court’s order to show cause why this appeal should not be dismissed, we hereby dismiss the appeal as non-final and non-appealable under Florida Rule of Appellate Procedure 9.180. Although both parties assert that the order on appeal “adjudicates jurisdiction,” and thus falls under Rule 9.180(b)(1)(A), neither the order on appeal, nor Appellants’ Initial Brief, indicates a dispute exists concerning the Judge of Compensation Claims’ (JCC’s) jurisdiction over the parties, the subject matter of this workers’ compensation claim, or the case itself. Rather, the dispute at hand relates to a pretrial order striking a witness, in a case, pertaining to a subject matter and parties, over which the JCC undoubtedly has jurisdiction.
 

 
 *1060
 
 Here, the JCC excluded from evidence the opinions of an expert medical advisor (EMA) based on his analysis of authority granted to him under the Workers’ Compensation Law. Appellants challenge the non-final order striking the original EMA and appointing a substitute, and assert that the JCC’s actions were impermissible and beyond the “jurisdiction” granted to him by the Legislature. Nevertheless, the allowance for this court’s review of non-final orders
 
 adjudicating jurisdiction
 
 under Florida Rule of Appellate Procedure 9.180(b)(1)(A) pertains to orders wherein the JCC’s jurisdiction over the parties, the subject matter, or the case is at issue and adjudicated — it does not serve as a means to facilitate an interlocutory appeal where there is no such dispute.
 
 Compare Delgado v. J.C. Concrete,
 
 721 So.2d 353, 354 (Fla. 1st DCA 1998) (accepting jurisdiction under Florida Rule of Appellate Procedure 9.180(b)(1)(A) where JCC compelled claimant’s attendance at independent medical examination (IME), in absence of pending claim and over claimant’s objection on grounds of JCC’s lack of jurisdiction over case);
 
 Karell v. Miami Airport Hilton,
 
 668 So.2d 227, 228 (Fla. 1st DCA 1996) (accepting jurisdiction of non-final order which determined “subject matter jurisdiction” where order was entered compelling claimant to attend IME prior to filing of claim, and in absence of pending claim);
 
 and Canovas v. Sugar Supply, Inc.,
 
 921 So.2d 26 (Fla. 1st DCA 2006) (accepting jurisdiction under Rule 9.180(b)(1) where JCC compelled discovery over Claimant’s objection regarding JCC’s jurisdiction over case based on absence of pending dispute or claim);
 
 with Kimmins Corp. v. Collier,
 
 664 So.2d 299, 300 (Fla. 1st DCA 1995) (treating appeal of non-final order compelling IME as writ of certiorari where, notwithstanding E/C’s assertion that JCC lacked “subject matter jurisdiction,” facts in record established pending case before JCC over which JCC had jurisdiction).
 

 Significantly, in this case, Appellants request as a remedy, not that the case be removed from the JCC for lack of jurisdiction, or that a party be released from the case based on an improper assertion of jurisdiction, but that the order be corrected and the case remanded
 
 to the JCC
 
 so that
 
 he
 
 may continue to preside over the merits of the case. If Rule 9.180(b)(l)(A)’s allowance for this court to review non-final orders which “adjudicate jurisdiction” were read so broadly so as to include any challenge to an order based on the propriety of a JCC’s pretrial rulings, then the prohibition against the appeal of a non-final order would be meaningless. And, consequently, all orders would be appeal-able upon a mere assertion of an improper exercise of statutory authority (couched in terms of “jurisdiction”) — which is, after all, the essence of any challenge to any ruling made by a JCC.
 
 See, e.g., Millinger v. Broward County Mental Health Div.,
 
 672 So.2d 24, 26 (Fla.1996) (“The [JCC] derives its very existence and authority from the legislature. The [JCC] is an administrative body possessing quasi-judicial power but it is not a court.” (citations omitted)).
 

 Although not requested by either party in their respective responses to this court’s order to show cause why this appeal should not be dismissed for lack of jurisdiction, we have considered whether this appeal of a nonfinal, nonappealable order can properly be treated as a petition for writ of certiorari.
 
 See
 
 Fla. R.App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.”). Because here, the initial EMA has rendered a report making manifest his opinions on the
 
 *1061
 
 issue in dispute, any error committed by the JCC, in striking this expert and appointing another, can be remedied by plenary appeal after the entry of a final order.
 
 See Taylor v. TGI Friday’s,
 
 16 So.3d 312 (Fla. 1st DCA 2009) (denying writ of certiorari alleging error in JCC’s appointment of EMA, because any error committed was correctable on plenary appeal);
 
 Dawson v. Clerk of Circuit Court-Hillsborough County,
 
 991 So.2d 407 (Fla. 1st DCA 2008) (reversing JCC’s appointment of EMA on plenary appeal where appointment was improper under prevailing legal standards).
 

 Accordingly, this appeal is DISMISSED.
 

 WOLF, ROBERTS and WETHERELL, JJ., concur.