PER CURIAM.
In this workers’ compensation appeal, Joseph Shannon, a workers’ compensation “claimant” — albeit one who has not filed a petition for benefits against his employer or its workers’ compensation carrier (the E/C) — seeks reversal of those portions of an order of the Judge of Compensation Claims (JCC) that deny attorney’s fees to his counsel. For the reasons that follow, we affirm in part, reverse in part, and remand for additional proceedings.
Background
The following facts are undisputed and provide a background for the legal analysis provided herein. On October 25, 2010, Shannon suffered a compensable accident and injury while in the course and scope of his employment. Shannon retained legal counsel, but did not file a petition for benefits. The E/C took Shannon’s deposition prior to the institution of any claim, as permitted by section 440.30, Florida Statutes (2010), and Shannon’s counsel attended this deposition. Shannon’s attorney then requested payment of attorney’s fees for attending this deposition under the authority of section 440.30, which provides, in relevant part, that “[i]f no claim has been filed, then the carrier or employer taking [a] deposition shall pay the claimant’s attorney a reasonable attorney’s fee for attending said deposition.” § 440.30, Fla. Stat. (2010). Although the E/C did not dispute Shannon’s counsel’s entitlement to these fees, the E/C did dispute the amount of the requested fees.
Because the amount of fees due remained unresolved, Shannon’s counsel filed a detailed and sworn motion for attorney’s fees consistent with the requirements of Florida Administrative Code Rule 60Q-6.124(3)(a). In this motion, Shannon’s counsel sought reimbursement at a rate of $250 an hour, and under penalty of perjury, he swore that in his opinion this amount was reasonable for the services provided. Consistent with the requirements of rule 60Q-6.124(3)(b), the E/C then filed a detailed sixteen-page sworn response to Shannon’s counsel’s motion, within which counsel for the E/C averred under penalty of perjury that the hourly rate sought by Shannon’s counsel was “excessive,” and that an hourly rate of $150 to $175 per hour was appropriate.
After the parties filed the pleadings that set forth their sworn positions regarding the appropriate fee amount, the JCC scheduled a hearing on the issue. The E/C then set Shannon’s attorney’s deposition, which he attended in accordance with the notice prepared by the E/C. During this deposition, counsel for the E/C questioned Shannon’s counsel on the very matters sworn to in the pending motion for fees. After attending this second deposition, Shannon’s counsel filed an amendment to his motion for fees, requesting attorney’s fees under the authority of section 440.30 for his attendance at the second deposition — because this deposition, like the first, was set (and he was required to attend) in the absence of a pending petition for benefits. Alternatively, Shannon’s counsel requested payment of expert witness fees under section 440.31, Florida *1231 Statutes (2010). In his amended motion, Shannon’s attorney also requested attorney’s fees for proving his entitlement to attorney’s fees for attending the second deposition. In response to this amendment, the E/C denied that it owed any additional fees other than those due to Shannon’s counsel for his time attending the first deposition.
At hearing, both attorneys testified and, consistent with the sworn statements they had already filed with the JCC, Shannon’s counsel testified that he should be compensated at a rate of $250 an hour, and counsel for the E/C testified that this rate was, in his opinion, too “high.” After considering the evidence, the JCC awarded Shannon’s counsel $250 an hour for the time he spent attending Shannon’s deposition. Nevertheless, the JCC denied Shannon’s attorney’s motion for fees for attending the second deposition, on the basis that the Florida Supreme Court’s decisions in Robert & Co. Associates v. Zabawczuk, 200 So.2d 802 (Fla.1967), and Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla.1987), prohibit the award of expert witness fees under section 440.31 when the subject matter of the expert’s testimony is the amount of attorney’s fees. The JCC also denied Shannon’s counsel’s request for additional fees for proving his entitlement to fees for attending the second deposition — because he had not established such entitlement. This appeal followed.
Analysis
In this case, the JCC’s denial of attorney’s fees payable to Claimant’s counsel for his attendance at the second deposition was predicated on the JCC’s interpretation of the law, not discretionary factors. Accordingly, the standard of review is de novo. See, Palm Beach County Sch. Dist. v. Ferrer, 990 So.2d 13, 14 (Fla. 1st DCA 2008).
In the first point on appeal, Shannon argues that the JCC erred in denying fees for attending the second deposition on either one of two alternative legal theories — both of which were argued below to the JCC.[1] Because, as we explain below, we agree with Shannon’s argument that the plain language of section 440.30 — along with this court’s prior application of this statute — compels the award of attorney’s fees where a claimant’s attorney is required to attend a deposition set by an employer or carrier when no petition for benefits has been filed under section 440.192, we conclude that the JCC erred in denying fees under section 440.30 for Shannon’s counsel’s attendance at the second deposition. Because we grant relief on one of Shannon’s two arguments posed in the alternative, we need not address Claimant’s alternative argument that the JCC erred in denying expert witness fees under section 440.31.[2]
*1232 Fees Due Under Section 440.30
Section 440.30, Florida Statutes (2010), is the specific provision within chapter 440 that governs the use of depositions in workers’ compensation proceedings. Although this section is a single paragraph containing no subparts, it addresses a variety of issues regarding such depositions. First, section 440.30 provides that depositions may be taken and used in connection with proceedings under the workers’ compensation law, either at the insistence of a party or as required by an order of a JCC. Further, the plain language of section 440.30 provides that such depositions can be taken “prior to the institution of a claim” if the claimant is represented by an attorney, or “after the filing of the claim” whether or not the claimant is represented by an attorney. See § 440.30, Fla. Stat. And significant to the issue presented here, section 440.30 provides that “If no claim has been filed, then the carrier or employer taking the deposition shall pay the claimant’s attorney a reasonable attorney’s fee for attending said deposition.” See id.
The legal issue presented in this point on appeal presents a question of statutory interpretation, and turns upon whether Shannon’s counsel’s motion to collect attorney’s fees due under the authority of section 440.30 is a “claim” as the term is used in section 440.30. For the reasons that follow we conclude that this motion was not a “claim” as the term is used in section 440.30.
Although section 440.30 has been amended numerous times since its enactment in 1935, this statutory provision was altered in 1979 effectively for the final time,[3] to declaratively provide for an employer- or carrier-paid fee where an employer or carrier takes a deposition when “no claim has been filed.” Ch. 79-40, § 23, Laws of Fla.; see also § 440.30, Fla. Stat. (1979). At the time the foregoing language was enacted, a “claim” was the name given to the formal document that an employee was required to file with the Division of Workers’ Compensation to toll the statute of limitations and claim substantive benefits that were allegedly improperly denied by the employer or carrier. See § 440.19(l)-(6), Fla. Stat. (1979) (providing the right to disability and remedial medical attention can be time-barred for failure to file a “claim” with “the division at its office in Tallahassee”). Effective January 1, 1994, the Legislature renamed the official document that must be filed to toll the statute of limitations, from “claim” to “petition for benefits.” Compare § 440.19(l)(a), Fla. Stat. (1993) (providing compensation is barred unless timely “claim” is filed), with § 440.19(1), Fla. Stat. (Supp.1994) (providing compensation is barred unless timely “petition for benefits” is filed). Notwithstanding this change in statutory nomenclature, in the 1994 revisions of chapter 440, the Legislature neither supplemented nor altered the wording of section 440.30. Significantly, when this court was first confronted with an opportunity to interpret section 440.30 after the 1994 revisions to chapter 440, we held that the term “claim,” as used in section 440.30, is “properly construed as the filing of a petition for benefits under *1233 section 440.192.” See Wright v. Indus. Auto., 662 So.2d 1321, 1322-23 (Fla. 1st DCA 1995).
Further, although the term “claim” is not explicitly defined within chapter 440, the contextual use of the term in section 440.192(3), Florida Statutes (Supp.1994), illustrates that a “claim” is the (sub)part of a petition for benefits requesting the payment of benefits that are alleged to be due, ripe, and owing. See § 440.192(3), Fla. Stat. (Supp.1994) (“A petition for benefits may contain a claim for past benefits and continuing benefits in any category, but is limited to those in default and ripe, due, and owing on the date the petition is filed.”); see also 440.192(3), Fla. Stat. (2010) (same).
Based on the foregoing, we hold that, consistent with our holding in Wright, the plain language of section 440.30 compels the payment of an attorney’s fee in those circumstances where a claimant’s attorney is required to attend a deposition set or compelled by an employer or carrier, when no petition for benefits — or other document that if timely filed would toll the statute of limitations — has been filed under section 440.192. We conclude that Shannon’s counsel’s motion for attorney’s fees was not a “claim” as the term is used in section 440.30; the motion was not filed in accordance with the requirements of section 440.192 nor was it contained within a petition for benefits, and it would not toll the limitation period regarding Shannon’s entitlement to benefits under the applicable statute of limitations, section 440.19(2), Florida Statute (2010). Cf. Longley v. Miami-Dade County Sch. Bd., 82 So.3d 1098, 1100 (Fla. 1st DCA 2012) (holding pending claim for fees and costs contained within petition for benefits tolls statute of limitations under chapter 440). Accordingly, we conclude that it was error for the JCC to deny Shannon’s counsel’s motion for fees for his attendance at the second deposition taken by the E/C, and we reverse that portion of the appealed order that denies Shannon’s counsel attorney’s fees for attending the second deposition.
Fees for Proving Entitlement to Fees
We now turn to the second point on appeal, wherein Shannon argues that the JCC erred in denying attorney’s fees for proving entitlement to fees for his counsel’s attendance at the second deposition. In presenting argument on this point, Shannon fails to cite a statutory basis for such attorney’s fees. Instead, he relies on case law that bears no meaningful relationship to the payment of fees due under the terms of section 440.30. Significantly, this court has previously held that an attorney’s right to a fee under section 440.30 “vests upon his attendance at a deposition” that is taken in the absence of a “claim.” See Orange State Marine v. Snack, 382 So.2d 1367, 1368 (Fla. 1st DCA 1980) (“As for the jurisdictional challenge, the attorney’s right to a fee vests upon his attendance at a deposition which comes within the provisions of section 440.30 and the Judge is not divested of jurisdiction to award the fee by the withdrawal of the claim.”). Given our bright-line interpretation of the word “claim” as used in section 440.30 — whereby either a “claim” for benefits has been filed under section 440.192, or it has not (removing any reasonable debate regarding whether a fee is due under section 440.30) — we see no reason to recede in any way from our holding in Snack. Accordingly, under the facts and arguments presented here, it was proper for the JCC to have denied Shannon’s counsel additional attorney’s fees for obtaining the payment of fees under section 440.30. We therefore affirm that portion of the appealed order that denies Shannon’s counsel’s *1234 attorney’s fees for obtaining the payment of fees due under section 440.30.
Conclusion
Based on the foregoing, we reverse the JCC’s denial of attorney’s fees for Shannon’s counsel’s attendance at the second deposition taken by the E/C, and we remand for the JCC to determine the amount of such fees based on the evidence already introduced in the proceedings below. We affirm the JCC’s denial of additional attorney’s fees to Shannon’s counsel for his efforts in securing payment of the fees for attending the second deposition, and we also affirm the award of fees to Shannon’s counsel for attending the first deposition.
ROBERTS, WETHERELL, and SWANSON, JJ., concur.

. Shannon presented the same arguments to the JCC that he raises before this court. Accordingly, the E/C's argument that Claimant failed to preserve for appeal the argument that section 440.30 provides a basis of entitlement to fees for the second deposition is devoid of merit. See Anderson v. Wagner, DPM, 955 So.2d 586, 590 (Fla. 5th DCA 2006) (explaining that to preserve issue for appeal, it must be presented to lower tribunal).

. Because both Zabawczuk and Stone are founded on the supreme court’s interpretation of section 440.31, and because neither case endeavors to interpret the language of section 440.30, we fail to see the applicability of these cases to the issue of statutory interpretation we address herein. Moreover, Za-bawczuk and Stone relate to a party’s right to tax the costs of an expert's testimony, and insofar as the record here demonstrates, neither party to this appeal incurred or became legally obliged to pay such costs. Cf. Hillsborough County Sheriff's Office v. Hilsman, 23 So.3d 743 (Fla. 1st DCA 2009) (concluding that e/c was entitled to reimbursement of reasonable litigation costs where e/c incurred *1232 costs or became legally obligated to pay such costs). Accordingly, although Zabawczuk and Stone were properly relied upon by the JCC to address Shannon’s request for the payment of expert costs, the cases do not speak to issues of entitlement to attorney’s fees due under section 440.30.

. The 1991 amendments to section 440.30 merely changed references to the "deputy commissioner” to the "judge of compensation claims,” to reflect the renaming of this office. Ch. 91-46, § 7, Laws of Fla.